**Hiawatha NASH, Appellant,**

v.

**Lee Roy BLACK, David Blackwell, Dale Riley, Gerald T. Frey, Donna Kay Brown and Mike Curran, Appellees.**

No. 85–1621.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1985.

Decided Jan. 17, 1986.

Robert Raleigh, St. Louis, Mo., for appellant.

John J. Oldenburg, Jr., Asst. Atty. Gen. of Jefferson City, Mo., for appellees.

Before HEANEY, FAGG and BOWMAN, Circuit Judges.

HEANEY, Circuit Judge.

Hiawatha Nash appeals from the district court's order dismissing his 42 U.S.C. § 1983 complaint. The district court dismissed Nash's pro se complaint as legally frivolous pursuant to 28 U.S.C. § 1915(d) before issuance of process. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND.

In 1972, Nash was convicted of rape, robbery, and sodomy, for which he received a five-year sentence. Nash completed this sentence and was released from prison. In 1981, he was convicted on two counts of second degree robbery and received two concurrent ten-year sentences, which he is presently serving. In August, 1983, while confined at the Missouri Eastern Correc-

tional Center in Pacific, Missouri (Pacific), a level IV medium security institution,[1] Nash requested a furlough and a transfer to a level II minimum security facility. Nash's requests were denied because his level III classification[2] made him ineligible for furlough consideration or a transfer to a level II institution. On October 15, 1983, Nash's classification was revised and he was given a level II classification, thereby making him eligible for furlough consideration and a transfer to a level II facility. Nash again requested a furlough and a transfer, but his requests were denied due to departmental policies prohibiting sexual offenders from furlough consideration or from being transferred to a minimum security institution.

Nash then brought this 42 U.S.C. § 1983 action alleging that he was denied due process because he met the criteria for transfer to a level II institution, and for furlough consideration, yet his requests were denied. He further contended that the Department of Corrections discriminated against him because other inmates with past and present sexual offense convictions had received furloughs. Nash's complaint was referred to a magistrate, who determined that it was legally frivolous. Nash failed to timely file objections to the magistrate's report and recommendation, and the district court, adopting the magistrate's report and recommendation, dismissed the complaint before issuance of process.

## II. DISCUSSION.

Initially, we must address the defendants' contention that Nash waived his right to appeal the district court's order by failing to timely object to the magistrate's

report and recommendation. Recently, the Supreme Court held that

a court of appeals *may* adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired. Such a rule, *at least when it incorporates clear notice to the litigants and an opportunity to seek an extension of time for filing objections,* is a valid exercise of the supervisory power that does not violate either the Federal Magistrates Act or the Constitution.

*Thomas v. Arn,* —— U.S. ——, ——, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985) (emphasis added). However, the Court did not hold that the Federal Magistrates Act mandated waiver of appellate review absent a timely objection, but merely that the Act does not forbid such a rule. *Id.* at ——, 106 S.Ct. at 469. We have held that a plaintiff has not waived his right to appeal by failing to object when the questions involved are questions of law or mixed questions of law and fact, or when neither the local district court rule nor the magistrate's notice has clearly informed the plaintiff that failure to object to the magistrate's report will result in waiver of the right to appeal. *Messimer v. Lockhart,* 702 F.2d 729, 730–31 (8th Cir. 1983); *Lorin Corp. v. Goto & Co.,* 700 F.2d 1202, 1205–07 (8th Cir.1983).

■■■ We conclude that Nash has not waived his right to appeal. The question of whether a complaint is legally frivolous is one of law, not of fact. Moreover, Nash had no notice that failure to object would bar his appeal.[3] Thus, we will consider the

1. The Missouri Department of Corrections and Human Resources (Department of Corrections) correctional institutions are classified according to their varying degrees of security from level I, which is the lowest security level, to level V, which is the highest security level.

2. Prisoners are assigned to the various correctional facilities based on guidelines adopted by the Department of Corrections. The Department of Corrections uses certain factors in the Initial Classification Analysis (ICA) to determine

each inmate's security classification level from I through V, and assigns the inmate, as available space permits, to a correctional facility commensurate with the inmate's classification.

3. As the Supreme Court noted in *Thomas,* a rule conditioning appeal upon the timely filing of objections with the district court must incorporate clear notice to the litigants and provide for an opportunity to seek an extension of time for filing the objections. *Thomas,* —— U.S. at ——, 106 S.Ct. at 471.

dismissal of Nash's complaint on the merits.

■ The district court may dismiss the complaint of a plaintiff proceeding in forma pauperis if it is satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(d). The court may also, in appropriate circumstances, dismiss the complaint sua sponte, without requiring service on the defendant. *Martin-Trigona v. Stewart,* 691 F.2d 856, 857 (8th Cir.1982). However, we have expressed our disfavor of sua sponte dismissals because the district court is cast in the role of a proponent for the defense, rather than an independent entity, and because such dismissal may lead to the wasteful " 'shuttling of the lawsuit between the district and appellate courts.' " *Munz v. Parr,* 758 F.2d 1254, 1258 (8th Cir.1985), *quoting Lewis v. New York,* 547 F.2d 4, 6 (2d Cir.1976).[4] "Nevertheless, dismissal before service is not per se reversible error," *Munz,* 758 F.2d at 1258, and therefore we must review the district court's dismissal under the abuse-of-discretion standard applicable to all section 1915(d) dismissals. *Horsey v. Asher,* 741 F.2d 209, 212 (8th Cir.1984). As *Horsey* indicates, it is an abuse of discretion to dismiss a complaint under section 1915(d) if the complainant can prove any set of facts that would entitle him to relief. *Id.*

■ Nash contends that he was denied due process because he met the criteria for transfer and furlough consideration, yet his requests were denied. Due process is not an end in itself. "Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983). Thus, Nash must first identify some "liberty interest," created by state law, regulation, or practice, to which he has a legitimate claim of entitlement,

before addressing the question of what process is due. *Jones v. Mabry,* 723 F.2d 590, 593 (8th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984).

In *Parker v. Corrothers,* 750 F.2d 653 (8th Cir.1984), we stated that the decisions from the Supreme Court and this Circuit indicate that there are two standards under which we determine whether a protected liberty interest is created: 1) does a statute, regulation, or official policy pronouncement contain particularized substantive standards or criteria that significantly guide the decisionmakers; and 2) does the statute, regulation, or official policy pronouncement use mandatory language requiring the decisionmakers to act in a certain way. *Id.* at 656–62. *See also Green v. Black,* 755 F.2d 687, 688 (8th Cir.1985).

Even assuming that Nash met the Department of Corrections' criteria for transfer and furlough consideration, he has pointed to no statute, regulation, or policy pronouncement which states that the Department of Corrections must grant his requests for a transfer or furlough upon meeting the criteria. Rather, our review of the pertinent statutes indicates that the Department of Corrections officials have complete discretion in determining whether to transfer an inmate, Mo.Rev.Stat. § 217.-350 (Cum.Supp.1984), or to grant his request for a furlough. Mo.Rev.Stat. § 217.-425 (Cum.Supp.1984). Accordingly, we conclude that Nash had no protected liberty interest in receiving a transfer or furlough, and that the district court did not abuse its discretion in dismissing Nash's due process claim as to these matters.

■ Nash also contends that the defendants discriminated against him because inmates with past and present sex offense convictions had received furloughs. To succeed on this claim, Nash must show that

---

4. We realize that there may be situations in which sua sponte dismissals may be appropriate to protect the court and innocent defendants from patently frivolous or malicious complaints. *See generally, Horsey v. Asher,* 741 F.2d 209, 213 (8th Cir.1984). However, "[u]ntimely dismissal may prove wasteful of the court's lim-

ited resources rather than expeditious," *Lewis v. New York,* 547 F.2d 4, 6 (2d Cir.1976), and in borderline cases, the court should not dismiss, but let the case proceed and rule on a subsequent motion for dismissal or summary judgment, if one is presented, on the basis of affidavits or brief discovery.

he "received treatment which was invidiously dissimilar to that received by other inmates." *Lyon v. Farrier,* 730 F.2d 525, 527 (8th Cir.1984). Nash named four inmates in his complaint who allegedly had committed sex offenses and received furloughs. Although on remand the defendants may be able to articulate legitimate reasons why these inmates received furloughs and Nash did not, "the court is not to anticipate defenses not obvious from the pleadings." *Munz,* 758 F.2d at 1258. *See also Durso v. Rowe,* 579 F.2d 1365, 1372 (7th Cir.1978), *cert. denied,* 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979) (defendants may be able to establish the rationality for treating plaintiff differently, but a court should not dismiss an equal protection claim on the basis of reasons unrevealed to the court). From the record presently before this Court, we cannot say that Nash's discrimination claim should have been dismissed as legally frivolous under section 1915(d).

Accordingly, we affirm the dismissal as to Nash's due process claims, reverse as to his discrimination claim, and remand for further proceedings consistent with this opinion.

It is so ordered.