Samuel E. HALEY, Jr., Appellant,

v.

Dave DORMIRE, Unknown Wankum, Major Etherley, MacArthur Woodruff, Donald Cline, Bill Armontrout, George Lombardi, Dick Moore and Robert Acree, Appellees.

Samuel E. HALEY, Jr., Appellant,

v.

Sgt. Roger BOYD, Lt. Mike Malone, Capt. Adams, James H. Crosby, C.J. Pettus, Unknown Wankum, Donald Cline, Bill Armontrout, Henry Jackson, MacArthur Woodruff and Robert Acree, Appellees.

Nos. 87–1933, 87–1934.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1988.

Decided May 2, 1988.

---

Howard B. Eisenberg, Carbondale, Ill., for appellant.

John W. Simon, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Samuel E. Haley, Jr. appeals from two final orders entered in the District Court for the Western District of Missouri *sua sponte* dismissing his 42 U.S.C. § 1983 federal civil rights complaints as "frivolous" under 28 U.S.C. § 1915(d). *Haley v. Dormire*, No. 87–4160–CV–C–5 (W.D.Mo. June 29, 1987) (appeal No. 87–1933); *Haley v. Boyd*, No. 87–4158–CV–C–5 (W.D.Mo. June 25, 1987) (appeal No. 87–1934). For rever-

sal, Haley argues the district court erred in *sua sponte* dismissing the complaints as frivolous. For the reasons discussed below, we reverse and remand the cases to the district court for further proceedings consistent with this opinion.

Haley is a prisoner in the Missouri state penitentiary. He has no money. He filed the complaints at issue in these appeals *pro se* and also sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(d). The district court clerk's office provisionally[1] filed the complaints, and the district court referred the complaints to a magistrate for processing. In appeal No. 87–1933, Haley alleged that, in retaliation for his filing and successfully prosecuting other lawsuits against prison officials, the defendants conspired to place him, and keep him, in the prison's Special Management Facility in violation of due process, equal protection, prison policy, and prison regulations. In appeal No. 87–1934, Haley similarly alleged that, in retaliation for his filing and successfully prosecuting other lawsuits against prison officials, the defendants conspired to deny him access to the courts by preventing him from using the prison law library, denying him legal materials and legal assistance, and requiring him to purchase writing paper. Haley also claimed that the defendants had deliberately and maliciously denied him medical treatment, recreation, showers, and educational materials. Haley sought declaratory and injunctive relief, including transfer to another prison, and actual and punitive damages.

The magistrate recommended that both complaints be dismissed as frivolous, without requiring the defendants to file a response, because "[Haley's] claims are broad and conclusory statements unsupported by factual allegations which are insufficient to support a cause of action under 42 U.S.C. § 1983." *Haley v. Dormire*, No. 87–4160–CV–C–5, slip op. at 3 (report and recommendation of magistrate); *Haley v. Boyd*, No. 87–4158–CV–C–5, slip op. at 2–3 (report and recommendation of magis-

---

1. *See, e.g., Martin–Trigona v. Stewart,* 691 F.2d 856, 857–58 (8th Cir.1982) (describing local practice of accepting *in forma pauperis* complaints for filing on a provisional basis, subject to subsequent determination whether the complaint is frivolous or malicious).

trate). In each case the district court conducted a *de novo* review of the record, adopted the recommendation of the magistrate, and dismissed each complaint as frivolous. These appeals followed and were consolidated for purposes of appellate review.

We review dismissals under § 1915(d) under an abuse of discretion standard. *E.g., Nash v. Black,* 781 F.2d 665, 668 (8th Cir. 1986), *citing Horsey v. Asher,* 741 F.2d 209, 212 (8th Cir.1984). However, it is an abuse of discretion to dismiss a complaint if it is not legally frivolous. *E.g., Nash v. Black,* 781 F.2d at 668, *citing Horsey v. Asher,* 741 F.2d at 212; *Green v. Black,* 755 F.2d 687, 688 (8th Cir.1985) (per curiam). "The question of whether a complaint is legally frivolous is one of law, not of fact." *Nash v. Black,* 781 F.2d at 667. "Under the liberal rules applicable to *pro se* prisoners, an action is not frivolous unless it appears 'beyond a reasonable doubt that [the] petitioner can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983) (per curiam), *citing Wilson v. Iowa,* 636 F.2d 1166, 1168 (8th Cir.1981); *see Horsey v. Asher,* 741 F.2d at 211 & n. 3, *citing Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam) (*pro se* prisoner civil rights complaint, brought *in forma pauperis;* dismissal under Fed.R.Civ.P. 12(b)(6)). Moreover, "the [district] court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974); *see, e.g., White v. Bloom,* 621 F.2d 276, 279 (8th Cir.), *cert. denied,* 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980).

The [district] court may also, in appropriate circumstances, dismiss the complaint *sua sponte,* without requiring service on the defendant. However, we have expressed our disfavor of *sua sponte* dismissals because the district court is cast in the role of a proponent for the defense, rather than an independent entity, and because such dismissal may lead to the wasteful " 'shuttling of the lawsuit between the district and appellate courts.' "

*Nash v. Black,* 781 F.2d at 668 (other citations and footnote omitted), *citing Munz v. Parr,* 758 F.2d 1254, 1258 (8th Cir.1985); *see Doe v. St. Joseph's Hospital,* 788 F.2d 411, 414–15 (7th Cir.1986) (criticizing *sua sponte* dismissals).

■ We have reviewed Haley's complaints and believe that, when read expansively, the factual allegations of conspiracy are barely sufficient to state a claim for relief. Conspiracies are by their very nature secret, and it is unreasonable to expect plaintiffs, particularly *pro se* prisoners, to be able to allege direct evidence or concrete facts in support of a conspiracy claim. *See, e.g., Smith v. Bacon,* 699 F.2d at 437; *White v. Walsh,* 649 F.2d 560, 561 (8th Cir.1981). In order to state a conspiracy claim, the plaintiff must at least allege that " 'the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding,' and [provide] some facts suggesting such a 'meeting of the minds.' " *White v. Walsh,* 649 F.2d at 561, *citing Sparkman v. McFarlin,* 601 F.2d 261, 268 (7th Cir.1979) (banc).

Haley is obviously not in a position to have any firsthand knowledge of any agreement among the defendants. Haley did, however, state sufficient facts suggesting that the defendants had agreed to place and keep him in the prison's Special Management Facility and to deny him legal assistance and other rights. As in *Smith v. Bacon,* 699 F.2d at 437, the key fact in the present case that raises an inference of conspiracy is that at least one defendant allegedly told Haley that the defendants hated him for filing (and winning) other civil rights lawsuits and for subpoenaing them to testify. Haley thus contends that the defendants' wish to retaliate against him motivated the alleged conspiracy. Haley also provided the captions and docket numbers of his other lawsuits in the exhibits and in the objections to the magistrate's reports that he filed in the district court.

We also hold that, in addition to his conspiracy claims, Haley's substantive claims of civil rights violations are sufficient to

state a claim for relief. Haley alleged that the defendants had retaliated against him for filing other civil rights lawsuits. He also specifically alleged that his classification hearing violated procedural due process as well as certain specific prison regulations; that he was denied access to the prison law library, legal assistance and writing materials; and that he was deliberately denied medical treatment.

We hold only that Haley's complaints are not legally frivolous because it does not appear beyond a doubt that Haley can prove no set of facts in support of his claims that would entitle him to relief. We reverse the orders of the district court dismissing the complaints and remand the cases to the district court for further proceedings consistent with this opinion. We have not determined whether there is any merit in any of the allegations or whether a full trial on the merits is necessary. The district court remains to free in each case, following the filing of an answer or other responsive pleading by the defendants, to dismiss or grant summary judgment, if such motions are made.

We also suggest that on remand the district court consider appointment of counsel to represent Haley in the district court proceedings. Appointed counsel could assist Haley, and indirectly the district court, by amending Haley's complaints, if leave to do so is granted, and by filing pleadings on Haley's behalf.

■ Haley's motion to strike certain pages of the defendants' appellate brief is granted. The pages stricken are "exhibits" which the defendants appended to their appellate brief in order to substantiate their claim that Haley has filed many other civil rights lawsuits in the Western District of Missouri. We take judicial notice of the fact that Haley has filed numerous civil rights lawsuits in the Western District of Missouri. The fact that a plaintiff has filed an extraordinary number of lawsuits may warrant the imposition of certain restrictions upon that plaintiff's ability to file future lawsuits and pleadings. *E.g., In re Tyler*, 839 F.2d 1290 (8th Cir.1988) (per curiam). That fact, however, cannot influ-

ence our determination of whether these particular complaints are legally frivolous for purposes of 28 U.S.C. § 1915(d).

Haley's *pro se* motion to be transferred to federal custody is denied without prejudice; Haley may wish to file this motion in the district court. The defendants' motion to strike Haley's *pro se* pleadings, including the "arguments in support," is granted.

Accordingly, the orders of the district court are reversed and the cases are remanded to the district court for further proceedings consistent with this opinion. We are grateful to appointed counsel for his diligent service.

BEAM, Circuit Judge, dissenting.

I respectfully dissent. In my view, the two complaints at issue in this matter are legally frivolous, and were properly dismissed by the district court pursuant to 28 U.S.C. § 1915(d).

The majority opinion properly explains the appropriate standard for testing the *sua sponte* dismissal of a pro se, in forma pauperis civil rights complaint. I would add, however, that section 1915(d) was implemented to prevent abuse of the privilege of filing a complaint without the payment of fees and costs, and to protect defendants and the government from the burden of further proceedings in a case where the complaint is plainly frivolous. *See Harris v. Johnson*, 784 F.2d 222, 223 (6th Cir. 1986). Despite the demanding standard of review, courts should not hesitate to dispose of a complaint which is appropriate for dismissal under section 1915(d).

The complaints at issue here are two of eight civil actions filed by the appellant on April 9, 1987. Since 1980, Mr. Haley has apparently filed over fifty civil actions in federal court seeking relief against various administrators, physicians, guards, and other personnel of the Department of Corrections and Human Resources of the State of Missouri. The complaints here allege a purported conspiracy on the part of several such officials to deprive the plaintiff of various constitutional rights. As the majority explained, to successfully allege a

conspiracy requires more than a conclusory statement of the existence of a conspiracy. *Smith v. Bacon*, 699 F.2d 434, 436–37 (8th Cir.1983). The plaintiff must set forth "some facts" suggesting a meeting of the minds of the alleged conspirators. *Id.* at 436 (quoting *White v. Walsh*, 649 F.2d 560, 561 (8th Cir.1981)). Without a basic factual framework, bald allegations that certain officials "conspired" to deprive the plaintiff of constitutional rights are insufficient to avoid *sua sponte* dismissal pursuant to section 1915(d).

The two complaints filed by Mr. Haley consist of nothing more than factless, conclusory statements of conspiracy. The complaint in No. 87–1933 states in relevant part:

> On March 11, 1987, the Defendants and all, Violated my Civil & Constitutional Rights to Due Process of Law and Equal Protection of Law. The Defendants set up a Special Management Facility Classification Committee, and had two (2) Functional Unit Managers on the team and voteing [sic] on the Team. This Violated the Plaintiff's Due Process Rights and the Prison Policies * * *. The Defendants has [sic] been in a Conspiracy Act against the Plaintiff, for his successful Winning Law Suits and for his Pending Law Suits. The Defendants has [sic] Repeatedly Violated the Plaintiff's Rights to Due Process as a Retaliatory Act and as to Harass the Plaintiff * * *.

Likewise, the complaint in No. 87–1934 reads as follows:

> The Defendants herein are in a *Conspiracy* against the Plaintiff to Deny him *access to the Courts, Legal Help, Legal Material*, and they are Forceing [sic] the Plaintiff to *Pay* for *Writing Paper* and *Legal Paper*, all as *Retaliatory Act*, against the Plaintiff, for his successful Winning of Law Suits and for his Pending Law Suits. The Defendants are Violating the Plaintiff's *Due Process Rights* and his Constitutional Rights. The Defendants are *Severely Punishing* the Plaintiff and they are doing so under *Cruel & Unusual Punishment.* The Defendants are Causing the Plaintiff to *Suffer Physical & Mental Anguish*, and

they are denying the Plaintiff *Medical Treatment, Recreation, Showers*, and they don't let the Plaintiff have nothing.

In my view, this language fails to support a cause of action under 42 U.S.C. § 1983, even when construed in a liberal manner. The complaints are devoid of specific factual allegations, and are, therefore, frivolous within the meaning of section 1915(d). I fail to see how requiring the defendants to answer, move to dismiss, or move for summary judgment on the basis of these same pleadings, would add to or improve the nature or result of the proceeding. Such a course of action would only multiply the time and expense already incurred by counsel and the court, a result contrary to the purpose of section 1915(d).

Accordingly, I would affirm the district court's decision to dismiss these cases as frivolous.