Leanna **LINDSEY**

v.

The **CITY OF ST. PAUL**, et al.

**Civ. No. 4–88–525.**

United States District Court,
D. Minnesota,
Fourth Division.

March 16, 1990.

---

Barry V. Voss, Minneapolis, Minn., for plaintiff.

Edward P. Starr, St. Paul, Minn., for defendants.

## ORDER

ROSENBAUM, District Judge.

This matter is before the Court on defendants' motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure (Fed.R.Civ.P.). Plaintiff claims that on July 20, 1987, she was injured by defendant Sletner when he violently threw her to the ground in the course of an arrest of her grandson. Plaintiff claims in Count I that Sletner's acts violated her civil rights, pursuant to 42 U.S.C. § 1983. In Count II, plaintiff claims defendant City of St. Paul was negligent in improperly training defendant Sletner as a police officer, in violation of the same statute. Plaintiff also alleges common law battery and sets forth a claim for punitive damages in Counts III and IV, respectively.

Based on the files, records, and proceedings herein, the Court denies defendants' motion as to Counts I, III, and IV, and grants defendants' motion as to Count II.

## BACKGROUND

At approximately 1:00 a.m., on July 20, 1987, David Allen Lindsey, plaintiff's grandson, was stopped by John Pyka, an officer of the St. Paul Police Department, based upon several traffic violations. The stop occurred in front of 932 Marshall Avenue, St. Paul, Minnesota. Officer Pyka discovered a bag of marijuana while searching Lindsey for weapons. Lindsey was told to enter Pyka's squad car, but he resisted and a struggle ensued. Pyka called for the assistance of fellow police officers in order to take Lindsey into custody.

Officer Steve Huspek came to Pyka's aid, but the two officers could not handcuff Lindsey. Defendant Sletner arrived shortly thereafter and saw the difficulty the other officers were having. Sletner further observed a crowd of people who had gathered to watch these events. Sletner then assisted in subduing Lindsey. These events took place near the front of plaintiff's house. The facts to this point are undisputed.

Realizing it was her grandson who was the object of the disturbance, she gathered her one-year old grandchild and exited her home to see what was occurring. Plaintiff claims she approached the scene in an orderly fashion asking "David, what is happening?" She claims that, without provocation, Sletner threw and forcefully shoved her and the baby to the ground. She maintains that she landed on her back and felt immediate pain in her left hip and left shoulder. Plaintiff is 67 years old.

Sletner's version of the facts differs substantially from plaintiff's. He claims that while apprehending Mr. Lindsey, he felt pressure from his right rear side and someone grabbed his arm. He states that without looking at who was pulling his arm, he pushed the person away with one hand and immediately returned to the task of cuffing Mr. Lindsey.

Plaintiff and defendant also disagree about the extent of any injuries plaintiff may have received from the fall. Plaintiff asserts she experienced severe pain following the incident and received emergency treatment at St. Paul Ramsey Hospital. She alleges she subsequently required physical therapy. Plaintiff claims she was diagnosed as suffering from musculoligamentous strains to her left shoulder and hip. She contends her past medical history played little, if any, role in her injuries, and, as a result of her injuries, she was forced to leave her part-time position with the Salvation Army. Defendant, on the other hand, maintains that one month prior to this incident plaintiff was treated for

low back pain and that no real injury was sustained as a result of this incident.

Plaintiff claims the City was negligent in Sletner's training because he had only limited field training. The field training had occurred in 1985. Since that time, Sletner has been regularly employed as a St. Paul police officer.

Defendants seek summary judgment claiming plaintiff has failed to demonstrate Sletner's conduct rose to a level which justifies the invocation of 42 U.S.C. § 1983. Defendants further contend plaintiff's claim of improper training must be dismissed because plaintiff has failed to produce facts to support her allegations and failed to demonstrate any unconstitutional custom or policy which ultimately led to Sletner's act and plaintiff's injury.[1]

ANALYSIS

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. Summary judgment may be granted against a party which fails to make a showing sufficient to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The opposing party must produce concrete facts demonstrating the issue for trial. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir.1984).

A. *Excessive Force*

Plaintiff claims Sletner's violent shove deprived her of rights, privileges, and immunities guaranteed by the fourteenth amendment to the United States Constitution. She claims he is liable pursuant to 42 U.S.C. § 1983 which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory ... sub-

jects ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ... or other proper proceeding for redress.

42 U.S.C. § 1983.

In a § 1983 action, the Court must consider (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived the person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).

It is uncontroverted that Sletner, a police officer in the course of an arrest, was acting under color of state law. The question, then, is whether Sletner's conduct deprived plaintiff of her rights, privileges, or immunities under the Constitution or state law.

The federal civil rights remedies available under § 1983 are not as broad as those available under state law, whether common or statutory. *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir.1986). "While a plaintiff may seek redress and win damages under state law for any unwanted touching under the common law of battery, the federal remedies under § 1983 are directed against more egregious conduct." *Id.; see also Dale v. Janklow*, 828 F.2d 481, 485 (8th Cir.1987), *cert. denied*, 485 U.S. 1014, 108 S.Ct. 1486, 99 L.Ed.2d 714 (1988) (the conduct must be so egregious and reckless that it may be deemed a substantive denial of due process); *Davis v. Forrest*, 768 F.2d 257, 258 (8th Cir.1985) (not every assault and battery by a police officer is a violation of the Constitution); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973) (not every push or shove violates a person's constitutional rights).

The question of whether or not excessive force has been used is generally an

---

**1.** Defendants move to dismiss plaintiff's common law battery and punitive damages claims solely for lack of pendent jurisdiction.

issue of fact. *See Duncan v. Storie,* 869 F.2d 1100, 1103 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 152, 107 L.Ed.2d 110 (1989); *Patzner v. Burkett,* 779 F.2d 1363, 1371 (8th Cir.1985). The Eighth Circuit, however, has set forth guidelines to help determine whether the force was excessive. The Court must inquire into (1) the need for the application of force; (2) the relationship between the need and amount of force used; (3) the extent of injury inflicted; and (4) whether force was applied in a good faith effort to effect the arrest or maliciously and sadistically for the very purpose of causing harm. *Dale,* 828 F.2d at 484; *see also Bauer v. Norris,* 713 F.2d 408, 412 (8th Cir.1983); *Johnson,* 481 F.2d at 1033.

■ Considering each party's version of the facts, in light of these factors, the Court finds that a material question of fact remains as to whether excessive force was used. First, plaintiff claims that no force was needed. She is a 67 year-old woman of slight build who was carrying an infant in her arms at the time she was pushed to the ground. She states that she made no threat to Sletner or any officer at the scene. Sletner, to the contrary, claims plaintiff's presence was a threat to the officers' safety and ability to do their jobs properly, justifying his limited use of force.

Second, plaintiff claims the force Sletner exerted was greater than necessary to remove any inconvenience her presence might have posed. She asserts that a simple request that she depart would have been sufficient. Sletner responds that the force used was consistent with the need. He claims that while struggling with David Lindsey his arm was grabbed and, without looking to see who it was, he used one hand to push the person and returned to his task.

Third, the parties clearly dispute the nature and extent of the injuries sustained, if any.

Fourth, plaintiff maintains that Sletner's actions did not constitute a good faith effort to maintain discipline. She alleges that Sletner faced her and could see that she was a slight, elderly woman carrying a baby. This, she claims, supports her view that Sletner acted with malice. Sletner maintains his acts were not malicious. He avers that he only pushed away a person who was hindering him in the performance of his duty and then immediately returned to his work. He claims no evil intent can be inferred from his actions.

Because of these discrepancies, the Court concludes a material question of fact remains for the jury to determine. Defendants' motion for summary judgment as to Count I must be denied.

### B. *Improper Training*

■ Plaintiff claims that the City improperly trained or supervised its employee-police officer. In order to impose § 1983 liability on a municipality, a plaintiff must show that the alleged unconstitutional action was an implementation of a governmental policy or custom. *Williams–El v. Johnson,* 872 F.2d 224, 230 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 85, 107 L.Ed.2d 51 (1989); *Patzner,* 779 F.2d at 1367. Furthermore, the official policy must be the "moving force of the constitutional violation" in order to show a government body's liability under § 1983. *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981) (*quoting Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978)).

The first step in determining whether there is § 1983 liability, of course, is to identify the governmental policy in question. *See Dick v. Watonwan County,* 738 F.2d 939, 943 (8th Cir.1984). The second step is to establish whether the policy is unconstitutional. *See id.* Here the Court finds there is no need to consider the second step, since plaintiff has failed to demonstrate an issue of fact as to whether Sletner acted pursuant to a governmental policy when he allegedly shoved the plaintiff to the ground.

As a preliminary matter, plaintiff has not produced any training manuals or films which would establish the proper manner

to handle the type of situation defendant found himself in when plaintiff allegedly was pushed to the ground. Nor does she offer any evidence showing how officers have handled such a situation in the past.

Plaintiff did, however, establish that Officer Huspek was defendant's field training officer. In his deposition, Huspek testified that, under the circumstances he knew to exist at the time of the incident in question, Sletner's acts were appropriate. Yet, the mere fact that Huspek testified he personally would have acted the same way does not establish the existence of any governmental or municipal policy.

Plaintiff further claims that because Huspek was defendant's training officer, he necessarily instilled his own policies in defendant as trainee. By implication, therefore, plaintiff suggests that since Huspek would have acted the way defendant did, he must have taught defendant to act similarly. Even if that was how Huspek trained defendant to act, it does not follow that the training established governmental or municipal policies. "[N]ot every decision by municipal officers automatically subjects the municipality to § 1983 liability. Municipal liability attaches only where the decision-maker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986) (footnote omitted). Plaintiff has not shown that Officer Huspek has authority to make such policies.

Even assuming Officer Huspek did have such authority, his testimony was only an assessment of the conduct after the fact, and not an instruction of how to act when confronted with a particular situation. There is no evidence showing Huspek trained defendant to take the actions alleged by plaintiff.

Finally, defendant's field training was for a three week period which took place three years prior to the incident.

Plaintiff has not offered any indication as to whether this three week training period might be so far removed from the occurrence in this case that the training played no part in Sletner's alleged conduct. On these facts the Court finds that as a matter of law this three week field training period, after three years of full time police service, is insufficient to support a § 1983 improper training claim. There is, further, no evidence to establish that defendant acted pursuant to a municipal policy rather than his own split second assessment of the situation.

Plaintiff has failed to show the existence of any improper training. There is, therefore, no dispute of fact regarding the City's § 1983 liability. Defendants' motion for summary judgment on the inadequate training issue is granted.[2]

Accordingly, based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED that:

1. Defendants' motion as to Counts I, III, and IV is denied.

2. Defendants' motion as to Count II is granted.

2. Having concluded summary judgment is improper as to Count I, however, the Court exercises pendent jurisdiction over Counts III and IV and declines to dismiss them pursuant to defendants' motion.