**Billy Roy TYLER, Plaintiff,**

v.

**The CITY OF OMAHA; Omaha Police Department; Deputy Police Chief Parker, and several and sundry officers of the Omaha Police Department, Defendants.**

No. 4:CV91–3045.

United States District Court,
D. Nebraska.

July 29, 1991.

Billy Roy Tyler, pro se.

## REPORT AND RECOMMENDATION

DAVID L. PIESTER, United States Magistrate Judge.

Plaintiff has filed an amended complaint, filing 4, pursuant to an order of this court. Because plaintiff is proceeding without the assistance of counsel, the amended complaint is before the court for initial review pursuant to Local Rule 52.[1] Liberally construing the allegations of the original and amended complaints, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), I conclude that plaintiff has failed to state a claim upon which

---

1. For a description of the operation of Local Rule 52, see note 1 of the memorandum and order dated April 29, 1991, filing 3.

relief may be granted. I shall, therefore, recommend that this action be dismissed.

According to the allegations of the original complaint, plaintiff's car was towed on December 21, 1990 while on private property. On January 28, 1991 plaintiff was informed that his car had been sold and that the car was taken because it was allegedly involved in an accident. Plaintiff claimed that the car was seized in violation of the Fourth Amendment and permanently taken from him in violation of the Due Process Clause of the Fourteenth Amendment.

## I.

### FOURTH AMENDMENT CLAIM

█ In respect to the Fourth Amendment claim, I noted in filing 3 that the original complaint provided no substantive factual allegations that would support his claim that his car was seized unreasonably and/or without probable cause in violation of the Fourth Amendment. I further explained to plaintiff that the allegation or claim that his car was taken while on private property following an accident in violation of the Fourth Amendment amounted to nothing more than a legal conclusion. Factually unsupported legal conclusions do not state claims upon which relief may be granted. *Martin v. Aubuchon,* 623 F.2d 1282, 1285–86 (8th Cir.1980). Plaintiff was given leave to file an amended complaint in order to provide factual allegations in support of his legal conclusions.

The amended complaint, however, does not provide the required factual allegations, nor does plaintiff provide a justification for this failure. For example, one allegation is that police officers offered no explanation as to why the car was taken and that plaintiff had no independent knowledge of the basis for the seizure. The court cannot presume acts to be in violation of some of law; plaintiff must allege facts which show that to be the case. This, plaintiff has failed to do. I conclude, therefore, that no claim is stated, and that plaintiff has failed to adequately respond

**2.** While plaintiff does identify an Omaha Police officer, in the amended complaint who was not identified in the original complaint (Officer

to the deficiencies noted in filing 3. I shall recommend dismissal of this claim pursuant to *Fed.R.Civ.P.* 12(b)(6).

## II.

### DUE PROCESS CLAIM

█ Plaintiff presents within the original and amended complaint a disquieting claim that his car was sold at a public auction without notice of the pendency of the sale or any opportunity to be heard in protest prior to this deprivation. This allegation sufficiently pleads a procedural due process violation. However, a sufficient showing that one's constitutional rights have been violated is not enough to state a claim upon which relief may be granted—plaintiff must also name an appropriate defendant. The original complaint failed to do this.

█ Four sets of defendants were named in the original complaint: (1) City of Omaha, (2) Omaha Police Department, (3) Deputy Police Chief Parker, and (4) "several and sundry officers of the Omaha Police Department," which I have referred to in filing 3 as "unidentified officers." In filing 3 I explained that the claims against (2) and (4) were frivolous. Plaintiff was not granted leave to file an amended complaint as to these defendants and they are not discussed in the amended complaint.[2] I shall recommend that all claims be dismissed against these two sets of defendants. Plaintiff was, however, granted leave to file an amended complaint as against (1) and (3).

█ The allegations of the original complaint in respect to the city were insufficient because plaintiff had failed to present specific factual allegations which identified the particular policy or custom which was alleged to be the moving force behind plaintiff's claimed deprivations. *See Williams–El v. Johnson,* 872 F.2d 224, 230 (8th Cir.), *cert. denied* 493 U.S. 824, 110 S.Ct. 85, 107 L.Ed.2d 51 (1989); *Lindsey v. City of St.*

Bakko), there are no allegations which suggest that this individual was directly involved in the sale of plaintiff's car.

*Paul,* 732 F.Supp. 1000, 1003 (D.Minn. 1990). This was explained to plaintiff in filing 3, wherein I further noted that it is not enough to merely allege that a policy or custom exists which violates plaintiff's rights. *See Munz v. Parr,* 758 F.2d 1254, 1259 (8th Cir.1985). The amended complaint does not address, and certainly does not remedy, the failings which were fully set out in filing 3 in respect to this defendant. I shall, therefore, recommend that this action be dismissed as against the City of Omaha pursuant to Rule 12(b)(6).

 In filing 3 I also explained that plaintiff's allegations as against defendant Parker were insufficient because there were no allegations that showed this defendant was directly involved in the sale of plaintiff's car. In naming an appropriate defendant, a plaintiff is required to present specific allegations of fact as to either direct involvement, direction of others, or a knowing failure to train, supervise, or act, which resulted in plaintiff's injury. Liability under § 1983 may not be grounded upon a *respondeat superior* theory. *Wilson v. City of North Little Rock,* 801 F.2d 316, 322–23 (8th Cir.1986); *Hahn v. McLey,* 737 F.2d 771 (8th Cir.1984). That is, a person cannot be held liable simply because he or she supervises one who deprived plaintiff of a constitutional right. The amended complaint does not sufficiently allege a required level of personal involvement. As such, I shall also recommend that this action be dismissed against Parker pursuant to Rule 12(b)(6).

As there are no appropriate defendants named as to this procedural due process claim, I shall recommend that this claim be dismissed, likewise pursuant to Rule 12(b)(6).

### III.
### RULE 12(b)(6)

 A bit needs to be said regarding the procedure of recommending dismissal of this claim, *sua sponte,* pursuant to Rule 12(b)(6). Recent pronouncements among the courts of appeals appear to present divergent views as to a trial court's authority to so dismiss claims. However, insofar as this court's practices are concerned, I conclude that such dismissals can be made in appropriate circumstances.

In *Martin–Trigona v. Stewart,* 691 F.2d 856, 858 (8th Cir.1982) (per curiam) the Eighth Circuit held that *sua sponte* dismissals under Rule 12(b)(6) for failure to state a claim are permitted. Although the actual reference in *Martin–Trigona* is somewhat oblique, this case has subsequently been cited for exactly this proposition. *See Midfelt v. Circuit Court of Jackson County, Mo.,* 827 F.2d 343, 345 (8th Cir.1987) (per curiam); *Tatum v. Iowa,* 822 F.2d 808, 810 (8th Cir.1987) (per curiam) (affirming *sua sponte* dismissal by the district court of a complaint filed *pro se* after plaintiff failed to correct deficiencies which the district court gave plaintiff leave to respond to through an amended complaint); *K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d 1246, 1248, n. 3 (8th Cir. 1984). *See also Fredyma v. AT & T Network Systems, Inc.,* 935 F.2d 368, (1st Cir. 1991) (per curiam) (allowing *sua sponte* dismissal but requiring the court to first extend to the plaintiff notice and the procedural safeguards discussed in *Neitzke v. Williams,* 490 U.S. 319, 329–30, 109 S.Ct. 1827, 1833–34, 104 L.Ed.2d 338 (1989);[3] *Street v. Fair,* 918 F.2d 269, 272 (1st Cir. 1990) (per curiam) (allowing *sua sponte* dismissal under Rule 12(b)(6) but requiring notice and an opportunity to respond); *Baker v. Director, U.S. Parole Com'n,* 916

**3.** In *Neitzke,* the court stated:

Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case. 490 U.S. at 329–30, 109 S.Ct. at 1834.

F.2d 725, 726–27 (D.C.Cir.1990) (per curiam); (affirming *sua sponte* dismissal under Rule 12(b)(6) prior to service and without notice and opportunity to respond where it was apparent that claimant had not "advanced a shred of a valid claim" and the observance of strict procedural protections would only "lead to a waste of judicial resources")[4]; *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir.1988) (quoting *Wong v. Bell*, 642 F.2d 359, 362 and holding notice and opportunity to respond is required before a *sua sponte* dismissal under Rule 12(b)(6), except where the plaintiff " 'cannot possibly win relief' "); *Perez v. Ortiz*, 849 F.2d 793, 797–80 (2nd Cir.1988) (although cautioning against the use of *sua sponte* dismissals under Rule 12(b)(6), held that such is permissible if preceded by notice and an opportunity to be heard); *Huxall v. First State Bank*, 842 F.2d 249, 250, n. 2 (recognizing *sua sponte* dismissal of claim under Rule 12(b)(6)); *Shockley v. Jones*, 823 F.2d 1068, 1072–73, n. 3 (7th Cir.1987) (quoting *Doe on Behalf of Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 414 (7th Cir.1986) for the proposition that *sua sponte* dismissals under Rule 12(b)(6) are permitted " 'so long as a sufficient basis for the court's action is apparent from the plaintiff's pleading,' " but requiring that notice and an opportunity to be heard be extended before such a dismissal, and noting that at least five circuits require such process); *Tate v. Burke*, 131 F.R.D. 363 (D.D.C.1990) (authorizing *sua sponte* dismissals under Rule (12(b)(6) without providing non-pauper litigant notice and opportunity to be heard where complaint is patently frivolous pursuant to the inherent authority of the court); *Migliori v. Calise*, 750 F.Supp. 57, 58 (D.R.I.1990) (a court may note the insufficiency of a complaint and dismiss *sua sponte* under Rule

12(b)(6); *Bettis v. Montgomery*, 701 F.Supp. 256, 259 (D.D.C.1989) (also quoting *Doe on Behalf of Doe, supra* ).

The decisions of *Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir.1988); *Nash v. Black*, 781 F.2d 665, 668 (8th Cir.1986); *Munz. v. Parr*, 758 F.2d 1254, 1258 (8th Cir.1985) appear to challenge the propriety of Rule 12(b)(6) dismissal through their expression of a strong disfavor for the use of *sua sponte* dismissals in general:

> The [district] court may also, in appropriate circumstances, dismiss the complaint *sua sponte*, without requiring service on the defendant. However, we have expressed our disfavor of *sua sponte* dismissals because the district court is cast in the role of a proponent for the defense, rather than an independent entity, and because such dismissal may lead to the wasteful " 'shuttling of the lawsuit between the district and appellate courts.' "

*Haley, supra,* quoting *Nash, supra,* and citing *Munz, supra.*[5]

Recent decisions of the Eighth Circuit Court of Appeals have placed additional limitations on the availability of at least some *sua sponte* dismissals. In *Freeman v. Abdullah*, 925 F.2d 266 (8th Cir.1991); *Divers v. Department of Corrections*, 921 F.2d 191 (8th Cir.1990) (per curiam); and *Williams v. White*, 897 F.2d 942 (8th Cir. 1990) the Eighth Circuit stated that *sua sponte* dismissals are disfavored and that in order for a district court to dismiss under § 1915(d), prior to service of process, the rigorous requirements of *Neitzke* in respect to determinations of frivolousness must be met.[6] It is important to note that in none of these cases did the court of appeals engage the issue of whether a non-frivolous claim may be dismissed under

---

**4.** In *McKinney v. State of Okl., Dept. of Human Services*, 925 F.2d 363, 365 (10th Cir.1991) the Tenth Circuit Court of Appeals in dicta expressed its accordance with the decision in *Baker.*

**5.** Each of these cases concerned *sua sponte* dismissals by a district court under 28 U.S.C. § 1915(d), rather than dismissals under Rule 12(b)(6); nevertheless, the language in these decisions addresses all *sua sponte* dismissals, even

citing to *Martin–Trigona v. Stewart.* These cases, however, do not hold that a *sua sponte* dismissal under Rule 12(b)(6) could never be proper.

**6.** Under § 1915(d), a *sua sponte* dismissal of a claim is appropriate only if it is based on "an indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1833.

Rule 12(b)(6); they merely concluded that the district court in each instance had erroneously found certain claims to be frivolous, thus failing to state claims upon which relief may be granted. Because the above cases were presented with and addressed only the issue of review under § 1915(d), I therefore do not read these cases as imposing any limitation on *sua sponte* dismissals under Rule 12(b)(6) either before or after service has been issued upon defendants.[7]

In its unanimous decision in *Neitzke*, the Supreme Court noted the characteristics that distinguish a Rule 12(b)(6) dismissal from a § 1915(d) dismissal. The Court made it clear that dismissal under § 1915(d) for frivolousness is not the same as a dismissal for failure to state a claim upon which relief may be granted under Rule 12(b)(6). While obviously all complaints or claims which are "frivolous" would also "fail to state a claim," the reverse is not true. 490 U.S. at 326, 328, 109 S.Ct. at 1832, 1833. As noted in note 5, *supra*, under § 1915(d) a *sua sponte* dismissal of a claim is appropriate only if it is based on "an indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Id.* 490 U.S. at 327, 109 S.Ct. at 1833. In respect to dismissals under Rule 12(b)(6), the *Neitzke* Court stated:

> Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent

with the allegations," *Hishon, supra*, 467 U.S., at 73, 104 S.Ct. at 2232, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

*Id.* at 326–27, 109 S.Ct. at 1832.

The Court then provided the following illustration as a means of highlighting the distinction between the two provisions:

> When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not. This conclusion follows naturally from § 1915(d)'s role of replicating the function of screening out inarguable claims which is played in the realm of paid cases by financial considerations. The cost of bringing suit and the fear of financial sanctions doubtless deter most inarguable paid claims, but such deterrence presumably screens out far less frequently those arguably meritorious legal theories whose ultimate failure is not apparent at the outset.

*Id.* at 328, 109 S.Ct. at 1833. *See also Battle v. Central State Hosp.*, 898 F.2d 126 (11th Cir.1990) (per curiam).

This court, like so many others in the nation, has experienced an increased number of *pro se* filings since the 1970's. In order to effectively and efficiently address the increased workload accompanying those filings, this court, again like many others, adopted procedures aimed at providing access to the courts for unrepresented litigants, screening meritless claims, and providing for the prompt progression of such cases to ultimate resolution. The procedures adopted here are embodied, for the most part, in Local Rule 52.

In summary, Local Rule 52 provides for the *sua sponte* review of all *pro se* complaints, whether they are filed by plaintiffs who pay the filing fee, or by plaintiffs

---

7. While there is authority for placing such limitations on when district courts can dismiss *sua sponte* under Rule 12(b)(6), *see Oatess v. Sobolevitch*, 914 F.2d 428 (3rd Cir.1990); *Salibra v.*

*Supreme Court of Ohio*, 730 F.2d 1059 (6th Cir.), *cert. denied*, 469 U.S. 917, 105 S.Ct. 295, 83 L.Ed.2d 230 (1984) the Eighth Circuit has not yet explicitly directed such a course.

proceeding *in forma pauperis.* This review is conducted by a magistrate judge as soon as practicable after the plaintiff is granted leave to proceed *in forma pauperis,* or, in the case of paying plaintiffs, as soon as practicable after the plaintiff has paid the filing fee.[8] If the magistrate judge concludes that the complaint states a claim as against all defendants, he orders the clerk to issue summons for service upon them. If he concludes that the complaint fails to state a claim as against any or all defendants, he issues a memorandum setting out the deficiencies in the complaint, and an order giving the plaintiff leave to file an amended complaint by which to correct the deficiencies. Thereafter, if no amended complaint is filed within the time permitted by the order, the case is transferred to the assigned district judge, who reviews it and, if he concurs in the magistrate judge's assessment of the plaintiff's claims, dismisses the case or that portion of it found to be wanting.

If an amended complaint is filed in accordance with the magistrate judge's order, the amended complaint is referred to the magistrate judge for a second review. If, upon completion of this review, the amended complaint is found to have remedied the deficiencies pointed out in the first memorandum by the magistrate judge, an order is issued directing the clerk to issue summons for service upon the defendant(s). If all or some of the claims are found again to be such that the magistrate judge concludes, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson, supra,* the magistrate judge prepares, pursuant to 28 U.S.C. § 636(b)[9], a recommendation for dismissal. Depending upon the plaintiff's filing fee status and upon the relative merits of the claim, this recommendation may be grounded upon either § 1915(d), or Rule 12(b)(6).

If the plaintiff is proceeding *in forma pauperis,* the plaintiff's pleading is reviewed applying, first, the standard of "frivolousness" required by § 1915(d), that is, whether the plaintiff's claim is frivolous or malicious as discussed in *Neitzke. See* note 5, *supra.* If the claim is found not to be "frivolous or malicious" under § 1915(d), the claim is reviewed under the standard of *Conley v. Gibson, supra.*[10] After that review, the magistrate judge may recommend that the claim be dismissed if it fails either of these tests, and the recommendation will specify the test applied.

If the plaintiff has paid the filing fee, § 1915(d) does not apply, and the only possible source of authority to dismiss a claim on the merits is Rule 12(b)(6), regardless of whether the claim is frivolous or "arguable." It is this authority which appears to be at issue.

In *Neitzke* the Supreme Court set forth various procedural protections afforded the typical plaintiff confronted with a motion

---

**8.** Paying plaintiffs are advised by the clerk that they may, if they choose, require the issuance of summons for service upon the defendants prior to this "initial review" being completed, or, alternatively, may wait to have summons issued in accordance with the magistrate judge's review; if they choose the latter, some expense of service may be saved.

**9.** 28 U.S.C. § 636(b)(1) addresses the referral of a "motion" to dismiss. This has been applied to the court's own motions as well as those filed by defendants. In addition, the "additional duties" language of § 636(b)(3) would seem to authorize such recommendations, in keeping with the procedure set out in subsection (b)(1).

**10.** The Supreme Court in *Neitzke* addressed the theoretical differences between those meritless claims which are "frivolous" and those that are merely destined to fail for other reasons under the *Conley v. Gibson* test. In the practical context of applying the standards, examples may be helpful. Those "arguable" claims which might nevertheless be dismissed for failure to state a claim might include claims which have previously been rejected by this court and perhaps not appealed; claims which seek to establish a previously-unrecognized, but not specifically rejected, statutory or constitutional right; claims for which the pleadings and attachments establish a full factual record which forecloses the plaintiff's claim as a matter of law; claims which are pleaded in completely conclusory language, leaving them without any substance even though they may assert recognized statutory or constitutional rights; claims which fail to adequately describe the involvement of some of the named defendants; claims foreclosed by circuit, but not Supreme Court, precedent; as well as others.

to dismiss filed by a defendant pursuant to Rule 12(b)(6). *See* note 2, *supra.* The procedure utilized by this court affords the unrepresented plaintiff the same or the equivalent of each of these protections. Notice is accorded to the plaintiff who has failed to state a claim upon which relief may be granted, as noted above, through the issuance of a memorandum by the magistrate judge setting out the deficiencies in the complaint, giving plaintiff leave to file an amended complaint in which to correct those deficiencies, and clearly warning the plaintiff that the failure to correct those deficiencies within the time prescribed by the court will lead to a recommendation of dismissal. Of course, this recommendation provides further notice to plaintiff that the court is considering the dismissal of one or more of his claims. A meaningful opportunity is provided by allowing plaintiff to either correct the noted deficiencies in an amended complaint or through the filing of an objection to the recommendation of dismissal.

The only one of the factors considered by Justice Marshall in *Neitzke* that is not absolutely included in the procedure used in this court is the use of the adversary process to produce a record for appeal. Indeed, there is support for the proposition that a judge should not engage in *sua sponte* dismissals, because to do so places the court in the position of the plaintiff's adversary, while the defendant sits by as an interested but uninvolved observer, destroying the appearance of the court as a disinterested, objective arbiter. *See Haley, supra; Nash, supra;* and *Munz, supra.*

While I agree that the court should be circumspect in dismissing a case, *sua sponte,* the Supreme Court in *Neitzke* clearly held that it is permissible to do so. The only issue is whether it is permissible to do so under authority of Rule 12(b)(6) *in addition to* the authority of § 1915(d). My reading of *Neitzke* leads me to conclude that it is.

First, it must be remembered that the Supreme Court in *Neitzke* specifically reserved this issue. Footnote 8 of the Court's opinion states, "We have no occasion to pass judgment, however, on the permissible scope, if any, of *sua sponte* dismissals under Rule 12(b)(6)." *Neitzke,* 490 U.S. at 329, 109 S.Ct. at 1834. *Neitzke* cannot properly be read, therefore, to forbid *sua sponte* dismissals under Rule 12(b)(6).

Second, concerning the usefulness of the adversary process, it must be remembered that there is no adversary process at work in dismissals pursuant to § 1915(d).[11] I fail to see how the lack of an adversary process—assuming that to be an evil in these circumstances (see discussion below)—in dismissals pursuant to Rule 12(b)(6) is any more evil than the lack of such a process in dismissals under § 1915(d). Surely if one is inappropriate, the other must be equally inappropriate; conversely, I reason that if one is proper—as the Supreme Court has ruled—the other must be equally proper.

Third, there are other actions commonly taken by a court, *sua sponte,* which affect the outcome of proceedings, indeed the access to the court itself, which have not been prohibited because of the lack of adversary testing. For example, *Fed. R.Civ.P.* 12(h)(3) authorizes, indeed requires, the court to dismiss a case if it appears that jurisdiction is lacking, even in the absence of a motion by one of the parties. In addition, the court may *sua sponte* impose sanctions under *Fed. R.Civ.P.* 11, including the involuntary dismissal of a case. *Chambers v. NASCO, Inc.,* — U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Anderson v. United Parcel Service,* 915 F.2d 313, 315 (7th Cir. 1990); *Joiner v. Delo,* 905 F.2d 206, 208 (8th Cir.1990); *American Inmate Paralegal Assoc. v. Cline,* 859 F.2d 59, 61–62 (8th Cir.) (per curiam), *cert. denied,* 488 U.S. 996, 109 S.Ct. 565, 102 L.Ed.2d 590 (1988). *Fed.R.Civ.P.* 41(b) allows the court to dismiss a case for failure to prosecute or for failure to comply with the rules of civil

---

**11.** Neither § 1915(d) nor Rule 12(b)(6) explicitly grants or denies authority to dismiss *sua sponte.*

procedure or to abide by an order of the court; although the rule is restricted in its wording to situations in which a motion to dismiss is filed, it has been interpreted to include *sua sponte* dismissals as well. *See, e.g., American Inmate Paralegal Assoc., supra;* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2369 (1971) and cases cited therein. Further, in deciding whether to grant a petitioning litigant leave to proceed *in forma pauperis*—thus deciding whether to allow the commencement of a case at all—there is no adversary testing of the court's exercise of its discretion. Hence, while it must be conceded that the use of *sua sponte* or *ex parte* rulings should be the exception and not the rule, the lack of adversarial argument need not *per se* bar *sua sponte* dismissals.

The reason, I suspect, that such *sua sponte* rulings are permitted in the above (and, no doubt, other) situations, is that the court must have the power and authority to effectively manage its business so as to provide "the just, speedy, and inexpensive determination of every action." *Fed. R.Civ.P.* 1. As has been said on numerous occasions, the time spent by court personnel and judges on the administration and resolution of meritless cases detracts from and reduces the attention available to give to serious legal disputes. *See, e.g., Neitzke, supra; Baker v. Director, U.S. Parole Com'n, supra; In re Tyler,* 677 F.Supp. 1410 (D.Neb.1987), *aff'd,* 839 F.2d 1290 (8th Cir.1988). When meritless claims absorb the court's limited resources *unnecessarily*, the interests of justice are disserved. That disservice is equally costly in both kinds of "meritless" cases, frivolous as well as failing to state a claim, and the court's power to screen out such claims should be equally effective in both situations, so long as litigants' substantive rights are protected.

Fourth, the lack of adversarial process in the instance of a dismissal of a *pro se* complaint under Rule 12(b)(6), as the procedure is utilized in this court, does not infringe any right of the plaintiff. As discussed above, the protections described in *Neitzke* are afforded the *pro se* plaintiff; indeed additional assistance in the form of liberal construction is provided. The plaintiff has no right to the costly issuance and service of summons in a meritless case, nor to the devotion of scarce judicial resources to the administration of such claims; the right of access to the courts has been limited so as to preclude abuse of the court's process in that fashion. *See, e.g. In re Tyler, supra.*

To the extent that the plaintiff could claim some right to an appearance by a defendant in pressing a motion to dismiss, I fail to see how an appearance by the defendant would add to the protections outlined in *Neitzke;* it would merely cause the complaint's deficiencies to be asserted more forcefully, perhaps. If the plaintiff's pleadings are insufficient for the court to evaluate the claim without the development of a record, the district court can certainly determine that as easily before the service of summons as it typically does once a Rule 12(b)(6) motion has been filed. This is an assessment required to be made under the rule, and frequently results in denials of motions and the requirement that the cases proceed beyond the pleading stage. I fail to see how the presence of the defendant would enhance the trial court's ability to make this assessment, or the appellate court's ability to review it. If anything, it seems to me that the absence of the defendant at this stage would tend to benefit the plaintiff, since the court is required to give the complaint the benefit of liberal construction and acceptance of the allegations as true. *Haines, supra.* The defendant's filing a motion to dismiss accompanied by evidentiary material could cause the matter to be treated as a motion for summary judgment, subjecting the plaintiff to the more rigorous requirements of *Fed. R.Civ.P.* 56(e). *See Postscript Enterprises v. City of Bridgeton,* 905 F.2d 223, 226 (8th Cir.1990).

Fifth, there is reason to provide the *pro se* plaintiff some leniency in asserting a claim in federal court. By definition this litigant is without the professional services of counsel, and typically without the educational background or litigation experience necessary to properly plead or prove a

 

claim in accordance with applicable rules. The review process conducted by a magistrate judge affords the unrepresented plaintiff some guidance, by describing the legal requirements of asserting the claims discernible from the pleadings, and thus gives the plaintiff the means to decide whether to press his claim either through the filing of an amended complaint, or objecting to the magistrate judge's recommendation for dismissal. It is true that the process is not "adversarial," but in my view, it would be both expensive and delaying, while serving no particularized salutary purpose, to engage in this process only after the service of process.

Sixth, the Supreme Court in *Neitzke* strongly intimated, although it stopped short of stating it explicitly, that a plaintiff proceeding *in forma pauperis* must be treated equally with one who has paid a filing fee. *Neitzke*, 490 U.S. at 330, 109 S.Ct. at 1834. In my view, to allow the *sua sponte* dismissal of a poor plaintiff's meritless *pro se* complaint, and simultaneously refuse to allow the *sua sponte* dismissal of a paying plaintiff's meritless *pro se* complaint, would deprive the poor plaintiff of equal treatment. I do not believe such a practice meets either the implicit standards of *Neitzke* or the obligation of the courts to be open and accessible to all.

In this case, dismissal under Rule 12(b)(6) is warranted as plaintiff has received full notice of the insufficiency of this claims and received a meaningful opportunity to respond through the invitation to file an amended complaint in order to remedy the noted failings. Accordingly, I shall recommend dismissal for the reasons specified.[12]

IT THEREFORE HEREBY IS RECOMMENDED, pursuant to 28 U.S.C. § 636(b), that this action be dismissed.

Plaintiff hereby is notified that unless objection is made within ten days after he is served with a copy of this recommendation, he may be held to have waived any right he may have to appeal the court's order adopting this recommendation.

---

**12.** I have chosen not to consider the possible application of the substantiality doctrine discussed in *Neitzke*, 490 U.S. at 327 n. 6, 109 S.Ct. at 1832 n. 6 (1989) and *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177 (7th Cir.1989) to his claims.