## In re Andrew FUNKHOUSER, Petitioner.

### No. 89–8038.

United States Court of Appeals,
Eighth Circuit.

April 24, 1989.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

This matter comes before us on application for writ of mandamus directed to William Knox, United States Magistrate for the Western District of Missouri, alleging (1) undue delay in the processing of this case and (2) improper procedures in handling in forma pauperis cases filed by state prisoners in the Western District of Missouri. Pursuant to Eighth Circuit procedures, the Magistrate against whom this petition for writ of mandamus is directed has filed an informal response with this court.

This matter stems from a prisoner civil rights action filed by three Missouri prisoners—Andrew Funkhouser, James Wilson, and Emmett Dunn[1]—seeking class certification for alleged violations of their civil rights during their confinement at the Missouri State Penitentiary. Included in these allegations are claims of ongoing illegal searches and numerous violations relating to inadequate safety for prisoners, medical care, classification, and other inhumane conditions. The complaint alleges 88 paragraphs of violations. If the allegations of the complaint are true, it is clear that plaintiffs may be entitled to equitable relief against the defendants.

The Magistrate, in response to the complaint, issued an order on December 17, 1987, which reads as follows:

Plaintiff has sought leave to proceed in forma pauperis in this civil action, pursuant to the provisions of 28 U.S.C., § 1915. It is the practice of this court to file provisionally those actions and then determine if the applicant is eligible to so proceed.

The records currently available to the court indicate plaintiff is capable of paying a partial filing fee, in accord with Local Rule 9(A) of the United States District Court for the Western District of Missouri. Plaintiff is advised payment of a partial filing fee does not guarantee plaintiff will be granted leave to proceed in forma pauperis. The court may yet determine the case is frivolous. It is hereby

ORDERED that plaintiff, within twenty (20) days hereof, pay a partial filing fee of $27.86, or show cause why such fee cannot be paid. It is further

---

1. Missouri prisoner Anthony Morris is also a plaintiff in the complaint but did not join with the other plaintiffs in the petition for a writ of mandamus.

ORDERED that failure to comply with this order may result in dismissal, pursuant to Fed.R.Civ.P. 41(b).

The petition for writ of mandamus was filed February 27, 1989. In the Magistrate's response, he indicates that he had given the plaintiffs until April 2, 1989, to file a traverse to the defendants' late response (defendants filed a response more than ninety days out of time) on a show cause order as to *why plaintiffs should not be granted leave to proceed in forma pauperis.* In other words, the case, almost 17 months after the complaint was provisionally filed, still has not been processed beyond the initial stage of determining whether the plaintiffs should proceed in forma pauperis.

■ We find that the delay in processing this case is not reasonably explained by the Magistrate. Determination of the question of leave to proceed in forma pauperis under 28 U.S.C. § 1915 should precede both issuance and service of process. A summons should not issue if, in fact, the case has been found to be frivolous. Under § 1915 issuance and service of process is to be done by officers of the court, and indeed under Federal Rule of Civil Procedure 4(j) if service is not made within 120 days after the filing of the complaint the action may be dismissed without prejudice. Both the statutes and rules of procedure require reasonable diligence in processing actions in forma pauperis.

■ We endorse the rule set forth by the Seventh Circuit in *Bryan v. Johnson,* 821 F.2d 455 (7th Cir.1987), which holds that, if a payment of a partial fee by a prisoner is deemed necessary under the rules of the district court, upon payment of the partial fee the court should treat the inmate's complaint in the same manner as a complaint that was not filed in forma pauperis. In other words, the magistrate or district court judge should determine whether plaintiffs may proceed in forma pauperis in terms of whether the complaint was frivolous and warranted dismissal *before* ordering the plaintiffs to pay a partial filing fee. *Id.* at 458. To require plaintiffs to first pay the fee and then later dismiss the case as frivolous is not contemplated by the Federal Rules of Procedure.[2]

Although this court has indicated that partial fee plans may be permissible under local court rule, we have nonetheless requested the district courts to consider the efficacy of such plans and whether or not they will serve the goals involved. *In re Williamson,* 786 F.2d 1336, 1339–1341 (8th Cir.1986). We deem it extraordinary that from November 23, 1987, until the present time the Magistrate has not determined whether he will grant plaintiffs in this case leave to proceed in forma pauperis. We are aware that there are numerous filings by state prisoners in the Western District of Missouri. However, we are also aware that the allegations of unconstitutional conduct by the State raise serious considerations and if these allegations are in fact true they should be immediately investigated and ruled upon at least in terms of whether preliminary equitable relief should issue.[3]

On this basis, we direct the Magistrate to consult with the Chief Judge of the Western District of Missouri to adopt procedures which would ensure immediate processing of all motions of prisoners to proceed in forma pauperis in a reasonable and timely manner. If a petition is deemed frivolous, the case should be dismissed without requiring a partial filing fee. If the case is not frivolous, leave to proceed in forma pauperis may be given, or the defendants may be required to pay a partial filing fee in accordance with the local rule which must comport with this court's order

---

**2.** Furthermore, such a procedure contradicts the Western District's own precedent. *Mathes v. Carlson,* 534 F.Supp. 226, 227 (W.D.Mo.1982) ("prior to permitting a potential plaintiff to proceed in forma pauperis, a court should determine that the claim is substantial and not merely colorable or frivolous").

**3.** We note that the plaintiffs have tendered motions for preliminary injunctive relief with affidavits and that no response has been made to those motions, no hearing has been held, certification of the class has not been ruled on, and, in fact, the defendants have not even filed an answer to the plaintiffs' complaint.

in *In re Williams*, 873 F.2d 1447 (8th Cir. 1989).

The Magistrate is hereby directed to apply *Williams* to the present case and to all pending and future cases. The Magistrate's reasoning that the parties may dismiss their case and file individual cases and thereby obviate a filing fee based on an aggregate basis is not acceptable. This procedure not only interferes with the prisoner's right to proceed in federal court with a non-frivolous complaint, but it is also a totally inefficient procedure for processing civil suits in the district court.

The petition for writ of mandamus is granted. The Magistrate shall immediately require the State to file an answer. The Magistrate shall appoint counsel for plaintiffs, hold an immediate hearing on their application for temporary and permanent injunction, pass on the class certification issue, and set forth a scheduling order for the trial of this case on the merits. Furthermore, in all pending and future cases, the Magistrate shall adhere to our order in *In re Williams*, 873 F.2d 1447 (8th Cir. 1989).

IT IS SO ORDERED.