**Edom WILLIAMS, Appellant,**

v.

**Carl WHITE, Appellee.**

No. 89–3032.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 7, 1990.

Decided March 2, 1990.

Rehearing Denied April 30, 1990.

Edom Williams, appellant pro se.

Bruce Farmer, Asst. Atty. Gen., for appellee.

Before LAY, Chief Judge, and ARNOLD and JOHN R. GIBSON, Circuit Judges.

LAY, Chief Judge.

Petitioner originally applied to this court for permission to proceed in forma pauperis. This panel granted the application, and the matter is now before us on petitioner's motion for appointment of counsel. We deny the motion for appointment of counsel in this court. However, we remand this case to the district court for further proceedings consistent with this opinion.

It is the decision of the court not to appoint counsel at this stage of the proceedings. Petitioner's claim is a pro se claim filed under 42 U.S.C. § 1983 (1982). The claim was dismissed by the district court on the recommendation of the magistrate as being frivolous under 28 U.S.C. § 1915(d) (1982). As a result no service of process was made on, or response requested from, the defendant, Superintendent Carl White. Upon dismissal by the district court, the petitioner sought leave to appeal to this court in forma pauperis.

In its previous order granting leave to appeal in forma pauperis, this court pointed out that the magistrate erred in dismissing the claim as frivolous. Upon further review, we now hold that the summary dismissal by the magistrate, as affirmed by the district court, must be reversed for several reasons. First, this dismissal fails to heed the Supreme Court's admonition in *Neitzke v. Williams*, —— U.S. ——, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), that the standards governing Section 1915(d) frivolous dismissals should not be confused with those governing Fed.R.Civ.P. 12(b)(6) dismissals for failure to state a claim for which relief can be granted. The two procedures are distinct and address different procedural concerns for the litigants. As the Supreme Court pointed out: "Unless there is " 'indisputably absent any factual or legal basis' " for the wrong asserted in the complaint, the trial court, "[i]n a close case," should permit the claim to proceed at least to the point where responsive pleadings are required." *Id.* at 1830 (quoting *Williams v. Faulkner*, 837 F.2d 304, 307 (7th Cir.1988)).

The two procedures do not encompass one another, since as the Court instructed "not all unsuccessful claims are frivolous." *Id.* at 1833. Dismissals under section 1915 are to be made early in the proceedings, *before* service of process on the defendant and *before* burdening a defendant

with the necessity of making a responsive answer under the rules of civil procedure.[1] However, to afford indigents equal access to federal courts, section 1915 dismissals should be made only where it is determined the lawsuit is baseless and that the plaintiff cannot make any rational argument in law or fact entitling him to relief. *See Neitzke,* 109 S.Ct. at 1833.

The distinguishing feature of dismissal under Section 1915 and dismissal under Rule 12(b)(6) is highlighted in *Neitzke* and is particularly relevant here. As Justice Marshall discussed:

Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case. By contrast, the *sua sponte* dismissals permitted by and frequently employed under § 1915(d), necessary though they may sometimes be to shield defendants

from vexatious lawsuits, involve no such procedural protections. * * *

According opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important because indigent plaintiffs so often proceed *pro se,* and therefore may be less capable of formulating legally competent initial pleadings.

*Neitzke,* 109 S.Ct. at 1834 (footnote, citations omitted).

In the present case the district court determined that petitioner's claims were frivolous because (1) the claims are broad and conclusory; (2) petitioner has alleged no facts that state a claim; and (3) the allegations are unclear "as to defendant's involvement in the claim under the Constitution."

We disagree. It is true petitioner's complaint is handwritten and not drawn with legal finesse or understanding. However, this is not the test by which pleadings are measured. *Haines v. Kernes,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (liberal treatment afforded to pro se pleadings). Furthermore, petitioner's claims are factual and understandable. He asserts that he was placed in solitary, punitive, confinement for no articulated reason and without a hearing; he alleges he was placed in a single cell with another prisoner with no hot water, no ventilation or air from the outside, and required to use a mattress infested with bugs and insects.

---

1. The district court misreads *Forester v. California Adult Auth.,* 510 F.2d 58 (8th Cir.1975), and *In re Smith,* 600 F.2d 714 (8th Cir.1979), as recommending docketing but determining "frivolity" at any "later stage of the subsequent proceedings." *Forester* simply outlines the procedure under the rules as articulated in *Neitzke.* However, in *In re Funkhouser,* 873 F.2d 1076 (8th Cir.1989) (per curiam), we emphasized the need to expedite ruling on the petition to proceed in forma pauperis because of the need to provide service and seek a response from the defendant. As we stated in *Funkhouser:*

Determination of the question of leave to proceed in forma pauperis under 28 U.S.C. § 1915 should precede both issuance and service of process. A summons should not issue if, in fact, the case has been found to be frivolous. Under § 1915 issuance and service of process is to be done by officers of the court, and indeed under Federal Rule of Civil Procedure 4(j) if service is not made within 120 days after the filing of the complaint the action may be dismissed without prejudice. Both the statutes and rules of procedure require reasonable diligence in processing actions in forma pauperis.

*Id.* at 1077.

We now make clear that all prisoner complaints which are provisionally filed under 28 U.S.C. § 1915 should be immediately reviewed by the magistrate or district court for possible dismissal under section 1915(d) before service of process on the respondent. Thereafter if the complaint is not deemed frivolous the issues should be deemed joined for decision on the legal or factual questions involved.

These allegations state a claim under *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). There are sufficient factual allegations to allow the inference that the policies of the Alpha Correction Center carried out by Superintendent White subjected the petitioner to this type of treatment. White is not liable under the doctrine of respondeat superior. *Cotton v. Hutto*, 577 F.2d 453 (8th Cir. 1978) (per curiam). However, a superintendent can be liable for operating a prison with unsanitary and inhumane conditions, *Finney v. Hutto*, 548 F.2d 740 (8th Cir. 1977), *aff'd*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), and can be directly liable if he fails to properly train, supervise or control subordinates. *Crooks v. Nix*, 872 F.2d 800 (8th Cir.1989). The petitioner's claim is not baseless. More importantly, upon remand to the district court, counsel should be appointed to file an amended petition and to allege whatever equitable or legal remedies are sought.

We deal with this claim summarily because the respondent White has never been served and in the present posture of the case petitioner appears ex parte. Our summary remand simply reinstates the cause in the district court and requires (1) appointment of counsel (2) an order allowing leave to file an amended complaint (3) service of process on the defendant. We deal with the case at the initial stages; we are confronted only with allegations which may be shown to be untrue. However, the facts alleged are sufficient and hardly conclusory. The complaint is not frivolous.

The judgment of the district court is vacated and the cause remanded for further proceedings in accord with this opinion.