Timothy Allan **DIVERS**, Appellant,

v.

**DEPARTMENT OF CORRECTIONS;**
**Jim M. Jones, Larry Dittmer,**
**Appellees.**

No. 90–2665.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 29, 1990.

Decided Dec. 20, 1990.

Timothy Allan Divers, pro se.

No appearance for appellees.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Timothy Divers, a Missouri inmate, appeals from an order of the district court sua sponte dismissing his § 1983 complaint as legally frivolous under 28 U.S.C. § 1915(d) (1988). We affirm in part, reverse in part, and remand for further proceedings.

### BACKGROUND

Divers filed a pro se civil rights action against the Missouri Department of Corrections, Superintendent Jones of the Missouri Training Center for Men (MTCM), and MTCM Housing Unit Manager Dittmer alleging that inmates in MTCM's lock-down protective custody unit do not receive the same benefits afforded inmates housed in MTCM's two general population protective custody units. Divers argued that the different treatment afforded lock-down pro-

tective custody inmates (lock-down inmates) resulted in a denial of equal protection, cruel and unusual punishment, and impaired access to the courts. In support of his claims, Divers alleged lock-down inmates received only one forty-five minute out-of-cell recreation period per week, were denied access to the law library and gym, were allowed only five minutes shower time, had insufficient clothing which they were forced to wash in their cell sinks, could phone an attorney only if they could prove that they had a court date set within the next thirty days, were limited to biweekly five minute phone calls to family members, received insufficient cleaning supplies, and received insufficient amounts of cold unappetizing food prepared from a restricted menu which was delivered through unsanitary food slots in their cell doors.

The magistrate recommended dismissal of the complaint as being frivolous.[1] In his amended complaint and objections to the magistrate's report, Divers alleged: (1) several protective custody inmates are forced to remain on lock-down status because of a prison policy which grants protective custody to inmates who are seeking a homosexual partner or who are merely unpopular; (2) lock-down inmates who have been assigned to protective custody after experiencing an assault suffer further victimization and a loss of self-esteem because of the restrictions inherent in their lock-down status; (3) lock-down inmates are denied all access to any religious services; (4) lock-down inmates have no access to the law library and are forced to rely on inexperienced inmate law clerks; and (5) lock-down inmates are denied the opportunities to attend school or hold a prison job.

After reviewing Divers' amended complaint and objections, the district court dismissed the action as frivolous.

## ANALYSIS

■ Divers filed his § 1983 action pursuant to 28 U.S.C. § 1915, the statute governing *in forma pauperis* actions. Section 1915(d) authorizes a magistrate or district court judge to dismiss a complaint before service of process on the defendants if it is legally frivolous. A complaint is frivolous if the claims lack "an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Sua sponte dismissals, however, are disfavored. *Id.* 109 S.Ct. at 1834; *Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir.1988).

After reviewing Divers' complaint, we conclude that the district court erred in dismissing certain claims as legally frivolous.

### Equal Protection Claim

■ Divers alleges that prison officials accord better treatment to certain sub-groups of inmates in the protective custody section of MTCM. To succeed on an equal protection claim not involving a constitutional right, Divers must show that the treatment he receives is "invidiously dissimilar to that received by other inmates." *Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir.1984); *see also Taylor v. Rogers*, 781 F.2d 1047, 1050 (4th Cir.1986). Divers has raised allegations that are not frivolous under this standard.

### Eighth Amendment Claims

■ Divers cites numerous practices which he alleges violate the Eighth Amendment. The denial of religious services can constitute an Eighth Amendment violation. *Sweet v. South Carolina Dept. of Corrections*, 529 F.2d 854, 860, 864 (4th Cir.1975). The validity of a prison regulation which infringes on an inmate's constitutional right turns on whether the regulation is "reasonably related" to legitimate penological interests. *Turner v. Safely*, 482 U.S.

---

1. Before dismissing Divers' complaint as frivolous, the magistrate granted Divers' motion to proceed *in forma pauperis* under § 1915. In *In re: Funkhouser*, 873 F.2d 1076 (8th Cir.1989), we noted that a magistrate or district court judge usually should first determine whether a complaint is frivolous before deciding if an inmate will be allowed to proceed *in forma pauperis*. *Id.* at 1077. We held that it is error to require a partial filing fee and then dismiss the complaint as legally frivolous. *Id.*

78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987); *Smith v. Erickson,* 884 F.2d 1108 (8th Cir.1989); *Salaam v. Lockhart,* 856 F.2d 1120, 1122 (8th Cir.1988). The defendants should have been required to show that a policy denying lock-down inmates any access to religious services was reasonably related to a legitimate penological interest.

Divers' claim that he is allotted only 45 minutes of exercise time a week, if true, may constitute an Eighth Amendment violation. *Compare Campbell v. Cauthron,* 623 F.2d 503, 507 (8th Cir.1980) (holding that pre-trial detainees must be given one hour a day of exercise), *with Leonard v. Norris,* 797 F.2d 683, 685 (8th Cir.1983) (finding *Campbell* inapplicable to inmates in punitive segregation). Divers' claim is therefore not legally frivolous.

■ Inmates are also entitled to adequate laundry facilities, *Howard v. Adkison,* 887 F.2d 134, 137 (8th Cir.1989), as well as sufficient cleaning supplies. Inmates also are entitled to adequate clothing. The burden is on the inmate to show the clothing provided is truly inadequate. *See Knop v. Johnson,* 667 F.Supp. 467 (W.D.Mich.1987), *appeal dismissed* 841 F.2d 1126 (6th Cir.1988). The defendants should be required to answer Divers' allegations on these points. Prison officials must also provide a nutritionally adequate diet. Control of the diet is within the discretion of prison authorities, presuming it is adequate. *Burgin v. Nix,* 899 F.2d 733 (8th Cir.1990). Divers should have the chance to show that the diet was not sufficient to maintain health. *See Campbell,* 623 F.2d at 508.

We agree with the district court that the remainder of Divers' Eighth Amendment claims are frivolous and were properly dismissed.

*Denial of Access to the Courts*

■ We find that the district court properly dismissed as frivolous Divers' claim that he is denied access to the courts by being forced to rely on law clerks instead of having law library privileges. It does not appear, however, that Divers' claim about the limitation on phone calls to attorneys is completely lacking an arguable basis in law or fact, and it was error to dismiss this claim as frivolous.

### CONCLUSION

We reverse the district court's sua sponte dismissal of the following claims: denial of equal protection, inadequate exercise time, inadequate laundry facilities and cleaning supplies, inadequate diet, inadequate clothing, denial of religious services, and limitation on phone calls to attorneys. We stress that we are reviewing this suit at an early stage, and we reverse only on the ground that certain claims in the complaint are not frivolous under the standard announced in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The district court shall serve process upon the defendants and require them to file an answer to Divers' remaining claims. The district court, under the standard announced in *Johnson v. Williams,* 788 F.2d 1319, 1322–23 (8th Cir.1986), should consider appointment of counsel to assist Divers. Divers should also have the opportunity to amend his complaint, if he desires, to allege more specific facts concerning his remaining claims. *See Williams v. White,* 897 F.2d 942, 945 (8th Cir.1990).

The district court's dismissal of Divers' other claims as legally frivolous is affirmed.