794 F.Supp. 877 (1992)
Ronnie LANE and all Other Prisoners in Mississippi County Jail, Plaintiffs,
v.
Sheriff Avery T. HUTCHESON, et al., Defendants.
No. S90-139C.
United States District Court, E.D. Missouri, Southeastern Division.
May 19, 1992.
*878 Ronnie Lane, pro se.
Gerald L. Meyr, Summers, Walsh, Pritchett & Blaich, Poplar Bluff, Mo., for defendants.

MEMORANDUM
LIMBAUGH, District Judge.
Pro se plaintiff is a pre-trial detainee presently incarcerated in the Mississippi County Jail. Plaintiff has filed this Section 1983 action alleging that various conditions of his confinement violate his civil rights under the Fifth and Fourteenth Amendments. This cause is before the Court on the defendants' motion for summary judgment.
*879 On March 27, 1992 the Court granted plaintiff additional time, up to and including May 1, 1992, in which to respond to defendants' motion for summary judgment. As of today's date, plaintiff has failed to respond to the Court's order of March 27, 1992 or to the defendant's motion for summary judgment. Although the Court is justified in granting defendants' motion for summary judgment on this ground, the Court will address the merits of plaintiff's claims.
However, before addressing plaintiff's claims, the Court needs to clarify an administrative matter. Plaintiff originally filed a complaint naming Sheriff Avery Hutcheson, John Morgan, and Alfreda Simmons as the defendants. Almost one year later, plaintiff filed another complaint, with the same cause number, naming three other defendants only: Fred DeField, Steve Led-better, and Jim Blumenberg. It was the Court's intent, since the substance of the complaint was the same, i.e. conditions of confinement, to treat plaintiff's second complaint as an amended version of his original complaint. It appeared to the Court that plaintiff was simply adding defendants (these additional defendants are members of the Board of County Commissioners for Mississippi County) and alleging that these defendants were also liable for the civil rights violations. The Court felt it was only fair to allow some leeway to the plaintiff in his pleading style due to his pro se status. It is in this context that the Court will address plaintiff's claims and the defendants' motion for summary judgment.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.
Plaintiff's civil rights claims are numerous and somewhat overlapping, therefore the Court will address them in groupings or as categories of alleged unconstitutional conditions and/or deprivations.

Defendants DeField, Ledbetter, and Blumenberg
Defendants DeField, Ledbetter, and Blumenberg are county commissioners for Mississippi County. As part of its responsibilities, the Mississippi County Commission *880 approves the annual budget for the Mississippi County Jail. Funding for the jail is one of several budgets approved by the Commission on an annual basis. The County Commission is not involved in the daily operation of the jail nor does it set policy and procedures regarding the daily operation of the jail. Affidavits of Fred DeField and Avery Hutcheson.
Plaintiff alleges that these defendants are liable because they have failed to approve enough funds to correct the alleged unconstitutional conditions of the jail. He does not allege any personal involvement of these defendants in contributing or causing the alleged violations. He simply states that they are liable because they haven't approved enough funds to correct all of plaintiff's complained wrongs with the jail.
Plaintiff's argument lacks merit for two reasons. Firstly, an official may be held responsible (for conditions at the jail) if culpability is established in one of three ways: personal administrative involvement, personal knowledge, or through the breach of a legal duty that proximately causes the injury. Johnson-El v. Schoemehl, 878 F.2d 1043, 1049 (8th Cir.1989).
Plaintiff fails to allege any personal administrative involvement, by these defendants, with the operation or physical condition of the jail. Defendants DeField and Hutcheson's affidavits clearly attest to the fact that the County Commissioners do not involve themselves with the daily operations of the jail. Their sole involvement with the jail is to appropriate funds to meet the assessed needs of the jail. The jail's budget is one of many budgets that compete for monies from a limited fund. Once the monies are budgeted, the County Commissioners' duties do not include personally making sure that the funds are used for specific projects; however they have in the past specifically approved funding for a project such as the screens for the windows. The daily operation of the jail, including the expenditure of funds to meet specific needs, is left to the jail officials. The County Commissioners attest that they know that the Mississippi County Jail must have enough funds to properly operate and adequately care for the inmates housed within it. Affidavits of Avery Hutcheson and Hubert Delay, Jr. (County Clerk).
Plaintiff has also failed to show any personal knowledge of the alleged violations by these defendants. Finally, plaintiff fails to point to any breach of any legal duty that proximately caused the alleged violations. Plaintiff attests that the only reason he amended his complaint to include the County Commissioners is that Sheriff Hutcheson told plaintiff that they were responsible for the funds that the Sheriff needed to fix things. Deposition of Ronnie Lane. Plaintiff admits that funds are appropriated for the upkeep and maintenance of the jail; he just believes that more money should be appropriated. It is clear that the only theory of liability that plaintiff purports to establish is under the doctrine of respondeat superior. The doctrine of respondeat superior is not applicable to § 1983 actions. Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir.1990); Wilson v. City of North Little Rock, 801 F.2d 316, 322 (8th Cir.1986); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir.1985).
Secondly, defendants DeField, Led-better, and Blumenberg are entitled to legislative (i.e. absolute) immunity for performing their legislative functions. Owen v. City of Independence, 445 U.S. 622, 637-38, 100 S.Ct. 1398, 1408-09, 63 L.Ed.2d 673 (1980); Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979); Gorman Towers, Inc. v. Bogoslavsky, 626 F.2d 607, 611-612 (8th Cir.1980). The Mississippi County Commission is legally obligated to erect and maintain a jail. Section 49.310 R.S.Mo. Approving annual budgets for the maintenance of the Mississippi County Jail is an important part of carrying out this legislative function. The Court has reviewed the documents attached to Mr. Delay's affidavit and finds that the approved budgets appear to adequately maintain the Jail in order to meet constitutional standards. Consequently, this Court concludes that defendants DeField, Ledbetter, and Blumenberg are absolutely *881 immune from this § 1983 action. Gorman Towers, supra.

Non-existent Conditions/Deprivations
The defendants assert that several of the alleged unconstitutional conditions do not presently exist. They contend that these conditions either never existed or have been rectified in some manner. These non-existent conditions/deprivations include plaintiff's complaints regarding blocked plumbing and a sewer leak near the kitchen; the mop, broom, and toilet plunger being passed through the hatch hole (where food is also passed) into the cell; lack of water to the sink in the third cell on the west side of the jail; monetary limitation (upon prisoners) in use of the snack machine; no window screens (to restrict insect infiltration); roach infestation; a leak in the jail's roof; filthy showers; an out-of-order phone system (for prisoners' use); smoke alarms not working; and jail trustees dispensing medication.
Defendants contend that the plumbing problems are mainly caused by the jail inmates intentional flooding and stoppage of the showers, sinks, and toilets. They attest that plumbing problems are corrected as soon as possible. As for the sewer leak, this has been largely corrected. Exhibit C-Affidavit of Avery Hutcheson; Deposition of Ronnie Lane.
The mop, broom, and toilet plunger are presently being passed to inmates, upon request, through the cell door. Deposition of Ronnie Lane. Water has also been restored to the sink in the third cell on the west side of the jail. However, defendants deny that the water was turned off in that sink for any great length of time. Deposition of Ronnie Lane.
Inmates are no longer restricted in the amount of money they wish to spend in the snack machine. Deposition of Ronnie Lane.
As regards the lack of window screens, defendants contend that screens had been in place (attached to the interior of walls) but have been continuously vandalized by the inmates. Funds have been approved to install window screens on the outside of windows. Affidavits of DeField and Hutcheson; Deposition of Ronnie Lane. The roach infestation is under control and the jail is regularly sprayed for insects. Affidavit of Hutcheson.
The leaking roof has been repaired. The plaintiff complains about "filthy" showers but admits that the responsibility for cleaning them is on the inmates. He further admits that the showers are cleaned once a week with a disinfectant and are regularly painted. Deposition of Ronnie Lane. The telephone used by the inmates has been repaired. Plaintiff complains that the system costs too much. The inmates' phone is a "collect call" system. Inmates are given unlimited access to the phone, between 6:00 a.m. and sometime in the evening, to make collect calls. Deposition of Ronnie Lane. Sheriff Hutcheson attests that this system allows inmates free access to a phone without having a jailer monitor phone calls to ensure that inmates are not making harassing phone calls or excess long distance phone calls. This way, the receiver of the call can screen his/her telephone call. Deposition of Hutcheson. The Court finds that the present phone system meets constitutional standards: access is largely unlimited and the state (or county) is not required to pay for inmates' phone calls, even to their attorneys. The smoke alarms are also in working order. Deposition of Ronnie Lane.
Finally, defendants assert that medication is not dispensed by inmates or jail trustees. Affidavit of Hutcheson.
All of these conditions have been corrected, are in the process of being corrected, or never existed in the first place. Plaintiff's own deposition testimony concedes this, and furthermore, he has failed to file any document which disputes the defendants' assertions. The Court also notes that although plaintiff contends that he is bringing suit on behalf of all Mississippi County Jail inmates, this is not a class action suit. A prisoner cannot bring claims on behalf of other prisoners. Martin v. Sargent, 780 F.2d at 1337. He must allege a personal loss in order to support a § 1983 *882 claim. Id., at 1337. Many of his allegations are based upon what other inmates "reported" (to him) or what he assumes a "fact" to be or how an event may have happened.

Present conditions
At the time of his allegations, plaintiff was incarcerated in the Mississippi County Jail awaiting trial. Pretrial detainees are confined either because the nature of the crime of which they are accused makes them a risk of flight or a danger to themselves or others, or they are unable to post bond for their release pending trial. Whatever the reason for the pre-trial confinement, the State has no right to inflict "punishment" upon them. Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979). A pretrial detainee is protected by the due process clause of the Fifth and Fourteenth Amendments rather than the Eighth Amendment. Bell v. Wolfish, 441 U.S. at 535-36, 99 S.Ct. at 1871-72; Johnson-El v. Schoemehl, at 1048. Due process prohibits punishment of persons prior to adjudication of guilt, however, "[n]ot every disability imposed during pretrial detention amounts to `punishment' in a constitutional sense." Bell v. Wolfish, 441 U.S. at 537, 99 S.Ct. at 1873. Governmental authorities cannot deny basic human necessities to persons in custody. Green v. Baron, 879 F.2d 305, 309 (8th Cir.1989). These necessities include light, heat, ventilation, sanitation, food, clothing and medical care. Green v. Baron, at 309. However, there is not an unconditional prohibition against deprivations of necessities. Id., at 309.
A minimal deprivation does not violate the Constitution. Green v. Baron, at 309 citing Bell v. Wolfish, 441 U.S. at 539 n. 21, 99 S.Ct. at 1874 n. 21. "Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a `retraction justified by the considerations underlying our penal system.'" Wolff v. McDonnell, 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974) citing Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). However, with respect to pretrial detainees, deprivations must be reasonably related to a legitimate governmental purpose. Green v. Baron, at 309; Johnson-El v. Schoemehl, at 1048. Practices which are punitive in intent, not rationally related to a legitimate purpose, or rationally related but excessive in light of their purpose are unconstitutional. Johnson-El v. Schoemehl, at 1048.
Plaintiff alleges that the following conditions/deprivations violate his Fifth and Fourteenth Amendment rights: 1) the brewing of coffee in a kettle instead of a coffee pot; 2) absence of fresh fruit and vegetables; 3) size of the portions of food allotted; 4) the manner in which food trays are cleaned; 5) an electrical conduit hanging from a wall; 6) no access to a mirror; 7) denial of access to a law library; 8) denial of access to recreational space; 9) denial of in-jail photocopying and notary services; 10) lack of air-conditioning in the jail.
In support of their summary judgment motion, defendants have filed the affidavits of Avery Hutcheson (Sheriff of Mississippi County), Alfreda Simmons (the Mississippi County Jail cook) and John Morgan (the Chief Jailer at the Mississippi County Jail); as well as the deposition testimony of plaintiff. Plaintiff has not filed any documents in opposition to the summary judgment motion or any documents refuting the facts and statements contained in defendants' submitted supporting materials. Defendants' materials convince this Court that the conditions/deprivations in question are not punitive in nature and are rationally related to the legitimate interests of the Mississippi County Jail officials.
The food served and the manner in which it is served meets constitutional standards. Jail officials must provide a nutritionally adequate diet. Control of the diet is within the discretion of jail authorities, presuming it is adequate. Divers v. Department of Corrections, 921 F.2d 191, 194 (8th Cir.1990); Burgin v. Nix, 899 F.2d 733, 734 (8th Cir.1990). The manner in which coffee is brewed is not subject to *883 constitutional inquiry. In fact, this Court does not believe that constitutional standards even dictate the provision of coffee. The diet of the inmates reflects consideration of the four basic food groups and a conscientious concern by the jail cook for the nutritional needs of the inmates. Fresh fruit and vegetables are restricted due to inmates consistent clogging of the sewer system with fruit cores, seeds, rinds, and peelings. However, canned fruits and vegetables are regularly provided. Food is served to the inmates in standard compartmentalized food trays. Portions appear to be of an adequate amount. Affidavits of Morgan and Simmons. Unlike life outside of the jail, inmates are not allowed to "raid the refrigerator" thereby having unlimited access to food. This is simply one of life's pleasures that confinement must restrict for safety and security reasons.
The jail cook supervises the preparation and clean-up of trays and the kitchen by jail trustees. She attests to the fact that trustees wear plastic gloves and hairnets while working in the kitchen and that all food utensils (including trays) are washed by hand using a liquid soap solution, hot water, and a bleach/water solution. Affidavit of Simmons.
The plaintiff alleges that due to the type and quantity of food served he has lost weight. However, at his deposition plaintiff testified that he had lost and gained (back) about 20 lbs. and that part of the reason for the weight fluctuation was a bout with the flu. Plaintiff cannot and does not support any of his allegations regarding an inadequate diet.
Plaintiff alleges that an electrical conduit has been left hanging from a wall. Both Sheriff Hutcheson and Chief Jailer Morgan attest to the non-existence of any loose electrical conduit on any wall. They believe that plaintiff is referring to a service-way which is used primarily for access to electrical and plumbing systems and as an airway for ventilation. In his deposition, plaintiff testifies that he has touched this "loose" conduit but has never received a shock although he believes that other inmates have received shocks from this conduit. There have been no electrical fires at the jail. Plaintiff has not been injured by this alleged loose conduit, he has not been deprived of any basic human necessities by this alleged conduit, and there is no evidence that it poses (assuming that it exists) any type of safety hazard. It must be remembered that jail personnel also inhabit the jail facility and would not knowingly subject themselves to a fire hazard.
Jail inmates are not permitted to have mirrors because the glass or metal frame can be fashioned into a weapon. There is also the risk that a suicidal inmate could kill himself with the broken glass from a mirror. Affidavits of Hutcheson and Morgan. The Court finds these safety and security considerations to more than justify depriving inmates of possessing mirrors.
Sheriff Hutcheson and Chief Jailer Morgan both attest that a law library is provided for use by the jail inmates. It is apparent from plaintiff's testimony that he has access to this library. He complains vaguely that the books are "old". He makes no allegations that he has been denied access to his attorney or to receipt of any legal materials. The Court finds that plaintiff has been provided meaningful access to the courts and to a law library under Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).
Plaintiff complains that "[t]hey never give us any kind of recreational exercise." Jail inmates have access to a recreational area constructed outside of the jail. They are also allowed to use the bullpen area and corridor between the bullpen and cells between the hours of 6:00 a.m. or 7:00 a.m. and 10:00 p.m. or 11:00 p.m. Sheriff Hutcheson and Chief Jailer Morgan note that plaintiff has never requested use of the recreational area. The Court finds that defendants have provided meaningful opportunity for exercise in accordance with Campbell v. Cauthron, 623 F.2d 503, 507 (8th Cir.1980).
Photocopying and notary services are not provided to the jail inmates for security reasons. The one photocopy machine and *884 the female notary are both located in the Sheriff's office, as well as are firearms. Inmates are not prohibited from having their legal materials (or any documents) photocopied and/or notarized on the outside by relatives and friends, and then returned to the inmate. Such a limitation does not rise to the level of a constitutional violation.
Plaintiff complains about the lack of air-conditioning in the jail. There are large ventilation fans installed in the jail, which run constantly during hot weather. Affidavits of Hutcheson and Morgan. Plaintiff admits that the fans do offer some relief and that no one, including himself, has suffered any medical injury from the lack of air-conditioning. Plaintiff concedes that his complaints about the temperature in the jail (i.e. being hot) is based upon periodic measurements of the temperature in the jail by himself and other inmates using a thermometer; or visitors would report various outside temperatures to him and other inmates and they would calculate the "heat index". He further concedes that the only "injury" alleged is that the heat is at times "irritating" (in reference to emotional disposition). Deposition of Ronnie Lane. The Court finds that the ventilation system is adequate and that plaintiff's discomfort does not rise to the level of a constitutional violation.
It is apparent that plaintiff is not happy with his accommodations. He has spent a considerable amount of time listing all of his and the other inmates' discomforts, but discomfort alone does not violate the Constitution. Green v. Baron, at 310. It is well-settled that pro se complaints must be construed liberally. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1973). However, plaintiff has not provided any evidence as to the severity of any of his alleged deprivations, in fact he admits that many of the complained conditions have been remedied. The remaining deprivations, while possibly upsetting to plaintiff, simply cannot be construed as rising to the level of constitutional violations.
The defendants have met their initial burden to demonstrate that "there is no genuine issue as to material fact and moving party is entitled to judgment as a matter of law." Poller, 368 U.S. at 467, 82 S.Ct. at 488. Once the defendants met their burden, the burden shifted to the plaintiff to "set forth affirmative evidence, specific facts, showing that there [was] a genuine dispute on [those] issue[s]." City of Mt. Pleasant, at 274. Plaintiff has failed to respond to the defendants' motion for summary judgment; thus he has failed to provide the Court with any affirmative evidence or specific facts to counter the defendants' arguments. The Court finds that there are no material issues in dispute and that the defendants are entitled to judgment as a matter of law. The Court will grant the defendants' motion for summary judgment.

ORDER
In accordance with the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendants' motion for summary judgment be and is GRANTED. Judgment is entered for all defendants and against the plaintiff on the merits of plaintiff's complaint(s). Each party shall bear his/her own costs.
IT IS FINALLY ORDERED that this cause of action is hereby DISMISSED and removed from the trial docket of July 6, 1992.