980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Frank Kevin POOL; Plaintiff,
Melvin Leroy Tyler; Appellant,
Bradley Houston; Plaintiff,
Roby Hudson, Appellants,
v.
John ASHCROFT; Dick Moore; Missouri State Department of
Corrections; William Webster Duane Butler; John Simon;
Hon. William Knox; Hon. Scott Wright; Robert Ulrich;
Unnamed Guards; every official of the Mo. Department of
Corrections holding the position of Guard Namely Lt. Tom
Davis, Officer COI Dawson and others, Appellees.
Frank Kevin Pool; Appellant,
Melvin Leroy Tyler; Bradley Houston; Roby Hudson, Plaintiffs,
v.
John Ashcroft; Dick Moore; Missouri State Department of
Corrections; William Webster; Duane Butler; John Simon;
Hon. Williams Knox; Hon. Scott Wright; Robert Ulrich;
Unnamed Guards; Every Official of the Mo. Department of
Corrections holding the position of guard namely Lt. Tom
Davis, Officer COI Dawson and others, Appellees.
Frank Kevin Pool; Melvin Leroy Tyler, Plaintiff,
Bradley Houston; Appellant,
Roby Hudson; Plaintiff,
v.
John Ashcroft; Dick Moore; Missouri State Department of
Corrections; William Webster Duane Butler; John Simon;
Hon. William Knox; Hon. Scott Wright; Robert Ulrich;
Unnamed Guards; every official of the Mo. Department of
Corrections holding the position of Guard Namely Lt. Tom
Davis, Officer COI Dawson and others, Appellees.
 Nos. 92-2353, 92-2355, 92-2358.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 2, 1992.
Filed: December 7, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Melvin Leroy Tyler, Frank Kevin Pool, Bradley Houston, and Roby Hudson, Missouri inmates, appeal the district court's[1] dismissal of their 42 U.S.C. § 1983 complaint claiming retaliation for litigation activities. We affirm.
 
 
 2
 The inmates sued the Missouri Department of Corrections (MDC); various state and prison officials; various prison employees; District Court Judge Scott O. Wright; Magistrate Judge William Knox; and Robert Ulrich, United States Attorney for the Western District of Missouri. Their claims against Wright, Knox, and Ulrich were dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).[2] Their remaining claims were dismissed for failure to state a claim.
 
 
 3
 We conclude that the district court properly dismissed defendants Wright, Knox, and Ulrich. These defendants are not state actors and cannot be sued under section 1983. The court's dismissal of the inmates' amended complaint was also proper. Although a pro se complaint is to be liberally construed, it "must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). We conclude that the facts alleged in the inmates' complaint do not support their claim that defendants' acts were in retaliation for their litigation activities. See Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987) (per curiam) (broad allegations of retaliation are insufficient to support a claim for section 1983 relief). Their claims regarding Houston's assignment to the Special Management Facility and Pool's and Lozano's removal from the honor dorm are too attenuated. Further, they have not provided any chronology of events or circumstances from which to infer that defendants Kempker or Tison acted in retaliation. They allege no retaliatory motive for Kempker's actions, and merely allege that Tison knew of lawsuits filed by Pool. In addition, an inmate must allege harm in order to state a claim under section 1983. Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991); Meis v. Gunter, 906 F.2d 364, 367 (8th Cir. 1990), cert. denied, 111 S. Ct. 682 (1991). The inmates do not allege how they were harmed by defendants' acts of placing Pool in protective custody, charging Tyler with a violation that was later dismissed, moving Pool and Hudson out of the honor dorm, or allegedly conveying to certain guards false information regarding Pool's testimony at a hearing.
 
 
 4
 Their remaining claims fail because they attempt to hold certain defendants liable under the doctrine of respondeat superior. See Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989) (respondeat superior liability inapplicable in section 1983 case). We decline to consider the merits of the inmates' claim regarding their missing legal material as this claim was not included in the amended complaint. We conclude that the district court did not abuse its discretion in not appointing counsel or in not allowing the inmates to file a second amended complaint. We deny the inmates' pending motion.
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri
 
 
 [2]
 We note that, since the district court's action in the instant case, we have held it is improper to order payment of a partial filing fee and to subsequently dismiss claims as frivolous. See In Re Funkhouser, 873 F.2d 1076, 1077 (8th Cir. 1989) (court should determine whether complaint is frivolous before ordering plaintiffs to pay partial filing fee). Further, we note that the inmates did not waive their right to appeal the dismissal of these claims. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (plaintiffs do not waive right to appeal by failing to object to magistrate judge's report when there are questions of law or mixed questions of law or fact; question whether complaint is legally frivolous is one of law)