**Donald K. ALEXANDER, Appellant,**

v.

**David P. MACOUBRIE; Richard K. Andrews; Gerre S. Langton; Evans & Dixon Law Partnership; John L. Oliver, Jr.; Lori J. Levine; Timothy J. Heinsz; James R. Devine, Appellees.**

No. 92–3535.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1992.

Decided Dec. 30, 1992.

Donald Alexander, pro se.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

PER CURIAM.

Donald K. Alexander appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(d). We reverse and remand the case to the district court for further proceedings consistent with this opinion.

 Alexander was not allowed to sit for the bar exam. He sued the bar examiners, claiming that they conspired with each other to prevent his former law professor from representing him in his lawsuit against them. The district court found that because Alexander did not have an absolute right to counsel in a civil case, the claim that bar examiners had interfered with Alexander's right to counsel lacked a constitutional basis. We disagree with the district court's analysis.

Although Alexander does not have an absolute right to counsel in a civil case, he does have a constitutional right to petition the courts for redress of grievances. *Harrison v. Springdale Water & Sewer Comm'n,* 780 F.2d 1422, 1427–28 (8th Cir. 1986). The right involved is the right to sue, not the right to win. Therefore it makes no difference that the bar examiners have absolute immunity in the type of lawsuit Alexander originally filed against them. In this case, Alexander alleged an interference with his relationship to chosen counsel which operated as a substantial impediment to meaningful access to the courts. This was sufficient under *Harrison, supra.* Therefore, his complaint is not frivolous within the meaning of 28 U.S.C. § 1915(d). *See Williams v. White,* 897 F.2d 942, 944 (8th Cir.1990). (Section 1915(d) dismissal is appropriate only where it is clear a plaintiff cannot make any rational argument in law or fact.)

The judgment of the district court is vacated and this cause is remanded for further proceedings in accord with this opinion.