30 F.3d 138
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Terry CAMP, Appellant,
v.
Bill CLINTON; Jim Clark; Jim Guy Tucker; John Plegge;
David Clinger; Alphonzo Dixon, III; Kathy Goss; I. Dodd
Wilson; John Holland; Annette Landrum; Kenneth McKee;
Monty Sims; William Mashburn; Fahmy Malak; Winston Bryant;
M. Wade Hodge; Little Rock, City of; Pulaski County, Appellees.
 No. 94-1388.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 13, 1994.
Filed: August 5, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Terry Camp appeals the district court's[1] 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 On January 11, 1990, an Arkansas jury convicted Camp of second degree battery arising from the death of his wife. In October 1993, Camp filed this action, alleging that defendants conspired to deprive him of a fair trial by offering the perjured testimony of the State Medical Examiner, and violated his equal protection rights by denying him a review of his deceased wife's autopsy. Prior to service of the complaint and over Camp's objections, the district court dismissed the complaint pursuant to section 1915(d).
 
 
 3
 We review a section 1915(d) dismissal for an abuse of discretion. Ross v. Social Sec. Admin., 949 F.2d 1021, 1021 (8th Cir. 1991). The district court did not abuse its discretion in dismissing as time-barred Camp's allegations of perjury at his jury trial, which occurred more than three years before he filed this action. See Wilson v. Garcia, 471 U.S. 261, 280 (1985) (limitations period for section 1983 action governed by state's general personal-injury statute of limitations); Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (three-year limitations period in Arkansas). Camp's imprisonment in Arkansas did not entitle him to a disability tolling of the statute of limitations. See Ark. Code Ann. Sec. 16-56-116 (Michie 1987).
 
 
 4
 We also find no abuse of discretion in the dismissal of Camp's equal protection claim. This conclusory claim lacked any factual allegations in the complaint to support it. Of particular importance, Camp did not allege that any other jury-convicted felon received review of an autopsy related to the felon's offense. See Divers v. Department of Corrections, 921 F.2d 191, 193 (8th Cir. 1990) (equal protection claimant must show he or she received invidiously dissimilar treatment). His claim, therefore, lacks an arguable basis in law or in fact. See Nietzke v. Williams, 490 U.S. 319, 325 (1989); Patten v. North Dakota Parole Bd., 783 F.2d 140, 144 (8th Cir. 1986) (failure to allege inconsistent application of regulations merited dismissal of complaint as frivolous).
 
 
 5
 The judgment is affirmed.
 
 
 6
 MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring and dissenting.
 
 
 7
 I concur in the court's opinion with respect to petitioner's due process claim. I believe, however, that the court's holding with respect to the equal protection claim is contrary to Leatherman v. Tarrant, 113 S. Ct. 1160 (1993) and Smith v. St. Bernards Regional Medical Center, 19 F.3d 1254 (8th Cir. 1994). Because I think that the petitioner stated an equal protection claim, I respectfully dissent.
 
 
 
 [1]
 The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas