_____

No. 95-2239
_____

Kevin Gerdes,                    *
                                 *
          Appellant,             *
                                 *
     v.                          *   Appeal from the United States
                                 *   District Court for the
Joe Class, Warden, South Dakota  *   District of South Dakota.
State Penitentiary; Lynne Delano;*
Jeff Bloomberg; Doug Weber; Elmer*       [UNPUBLISHED]
Miller; Chet Buie; Bill Severson,*
                                 *
          Appellees.             *


_____

          Submitted:  February 5, 1996

             Filed:  February 15, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Kevin Gerdes appeals from the district court's 28 U.S.C.
§ 1915(d) dismissal of his 42 U.S.C. § 1983 claim.  We reverse and
remand.


     Gerdes, an inmate at South Dakota State Penitentiary (SDSP),
sued various SDSP officials under section 1983 after a death row
inmate allegedly assaulted him while he worked as a janitor.
Gerdes alleged that defendants allowed death row and general
population inmates "to be together" and that they knew "the problem
existed and did nothing to change it."  The district court
dismissed Gerdes's complaint as frivolous pursuant to section
1915(d).

Gerdes timely appealed. He points to South Dakota law and SDSP policy, which prohibited him from being assigned to work in the area of death row inmates, as indicating that defendants were aware of the substantial risk involved and that the risk was obvious.

Having reviewed the district court's section 1915(d) dismissal for an abuse of discretion, we conclude that Gerdes's complaint has an arguable legal basis and thus is not frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) (standard of review); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (frivolous complaint lacks "an arguable basis either in law or in fact"); see also Williams v. White, 897 F.2d 942, 943 (8th Cir. 1990) ("[u]nless there is indisputably absent any factual or legal basis for the wrong asserted in the complaint, the trial court . . . should permit the claim to proceed at least to the point where responsive pleadings are required") (internal quotations and citation omitted).

Liberally construing Gerdes's complaint, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se complaints must be liberally construed), we believe it can be read to support the non-frivolous assertion that defendants were both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that they "dr[e]w the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979, 1981 (1994) (noting that subjective knowledge of prison officials may be demonstrated through inference from circumstantial evidence or fact that risk was obvious); see also Chandler v. Moore, 2 F.3d 847, 848-49 (8th Cir. 1993) (per curiam) (although facts supporting Eighth Amendment claim were "sketchy," allegations sufficient to preclude § 1915(d) dismissal); Divers v. Department of Corrections, 921 F.2d 191, 193-94 (8th Cir. 1990) (per curiam) (allegations that if true "may constitute" Eighth Amendment violations are not legally frivolous).

We find Gerdes's remaining contentions meritless.

-2-

Accordingly, we reverse and remand the district court's section 1915(d) dismissal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.