# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1711

_____

Frederick James Davis,                          *
                                                *
                Appellant,                       *
                                                *   Appeal from the United States
        v.                                       *   District Court for the Eastern
                                                *   District of Missouri.
State of Missouri; St. Louis Clayton             *
County; St. Louis County Justice                 *   [UNPUBLISHED]
Services; St. Louis County Justice               *
Services Medical Department,                     *
                                                *
                Appellees.                       *

_____

Submitted: August 6, 2010
Filed: August 11, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Frederick James Davis appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 complaint. We grant Davis leave to appeal in forma pauperis, and we affirm in part and reverse in part.

We review de novo the dismissal of Davis's complaint, and we liberally construe the complaint. See Whitson v. Stone County Jail, 602 F.3d 920, 922 n.1 (8th

Cir. 2010) (pro se complaint must be liberally construed, and pro se litigants are held to lesser pleading standard than other parties); Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (preservice dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state claim is reviewed de novo).

We agree with the district court that the State of Missouri is not a person for purposes of section 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-71 (1989), and that St. Louis County Justice Services and St. Louis County Justice Services Medical Department are subdivisions of St. Louis County and thus are not separately suable, see Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992). We also note that Davis's request for injunctive relief has been mooted by his transfer to a Missouri Department of Corrections facility. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (inmate's claims for injunctive and declaratory relief to improve prison conditions are moot when he is transferred to another facility and is no longer subject to those conditions).

We find, however, that the district court erred in dismissing the damages claim against St. Louis County. Davis alleged that he lost 19 pounds during his 8-month stay at the jail because he was denied sufficient food, and that he was always sick and lacked energy to get out of bed. In our view, these allegations sufficiently state a claim of denial of adequate food and nutrition. See Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (prisoners have right to nutritionally adequate diet); Divers v. Dep't of Corr., 921 F.2d 191, 193-94 (8th Cir. 1990) (per curiam) (finding inmate's allegation of insufficient amounts of cold, unappetizing food prepared from restricted menu and delivered through unsanitary food slots not frivolous; reversing preservice dismissal to allow inmate chance to show diet was insufficient to maintain health); Burgin v. Nix, 899 F.2d 733, 734 (8th Cir. 1990) (per curiam) (prisoner has constitutional right to adequate diet); cf. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (suggesting that inmate claiming inadequate diet under Eighth Amendment must allege he lost weight or suffered adverse physical effects, or was denied

nutritionally or calorically adequate diet). Significantly, Davis alleged that he complained to the jail about his meals over the 8 months at issue, and we believe that this sufficiently establishes that the inadequate diet could have been part of a County policy or custom. See Russell v. Hennepin County, 420 F.3d 841, 846 (8th Cir. 2005) (municipality may be liable under § 1983 when official municipal policy or custom caused violation of constitutional rights; by their actions, municipal officials with final policymaking authority may subject government to § 1983 liability); Burgin, 899 F.2d at 734 (because control of administrative details of prison remains exclusively in hands of prison officials, control of diet is within their discretion).

Accordingly, we affirm the dismissal of the request for injunctive relief and the claims against the State of Missouri, St. Louis County Justice Services, and St. Louis County Justice Services Medical Department. We reverse the dismissal of the damages claim against St. Louis County, and we remand for further proceedings consistent with this opinion.

_____