# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2435

———————

Ishmael Hassan Obama,            *

                              *

          Appellant,     *

                              *   Appeal from the United States

     v.                     *   District Court for the Eastern

                              *   District of Arkansas.

Danny Burl, Warden, East Arkansas   *

Regional Unit; Ray Hobbs, Interim   *   [UNPUBLISHED]

Director, Arkansas Department of   *

Correction; Moses Jackson, III,   *

Captain, East Arkansas Regional   *

Unit, ADC; Todd Ball, Deputy   *

Warden, East Arkansas Regional   *

Unit, ADC,   *

                              *

          Appellees.     *

———————

Submitted: April 4, 2012
Filed: May 11, 2012

———————

Before COLLOTON, BOWMAN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Inmate Ishmael Obama appeals the district court's 28 U.S.C. § 1915A dismissal without prejudice of his 42 U.S.C. § 1983 complaint alleging unconstitutional conditions of confinement and denial of adequate medical care. We affirm in part, reverse in part, and remand for further consideration of two of Obama's claims.

First, we note that Obama's claims for injunctive relief are moot because he was transferred to another facility during the pendency of this appeal. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999). Next, we agree with the district court that Obama failed to state a claim against the named defendants for inadequate medical care, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review), as he did not name any medical personnel and he did not allege that he was denied treatment recommended by medical personnel, see Lenz v. Wade, 490 F.3d 991, 995 (8th Cir. 2007) (in § 1983 action, prison officials cannot be held liable under respondeat-superior theory; officials must know of and disregard excessive risk to inmate health and safety); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required for § 1983 liability; official who is not involved in medical decisions and has no medical expertise cannot be liable for medical staff's diagnostic decisions).

We also agree that Obama's allegation that he had to sleep on the floor without a mattress was insufficient to state a constitutional violation, as Obama conceded he slept on the floor voluntarily so he could feel cooler air coming under the door. See Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (for Eighth Amendment violation, inmate must show he was denied minimal civilized measure of life's necessities (citing Rhodes v. Chapman, 452 U.S. 337, 342 (1981)). Further, as to his claim that his cell had spiders, beetles, and ants, Obama did not give a clear indication of the extent of the problem. See id.

We find, however, that Obama's claims regarding constant lighting and inadequate food portions were sufficient to survive preservice dismissal. Obama alleged that the constant lighting in isolation caused inability to sleep, emotional distress, and constant headaches, and those allegations must be taken as true at this stage of the proceedings. See Keenan v. Hall, 83 F.3d 1083, 1090-91 (9th Cir. 1996) (no legitimate penological justification for requiring inmates to suffer physical and

psychological harm by living in constant illumination); cf. Ferguson v. Cape Girardeau County, 88 F.3d 647, 650 (8th Cir. 1996) (granting summary judgment against inmate who complained of constant lighting, but noting that evidence indicated inmate slept significant amount of time he was confined, and considering factors such as length of time of confinement). As to inadequate food, Obama alleged that he was constantly hungry from the small portions of food, which included some form of beans for every meal except breakfast, no sweets, and watered-down Kool-Aid; and stated in his objections to the magistrate judge's report that the small portions of food and insufficient fluids (4 ounces per meal) were nutritionally inadequate and caused weight loss. Cf. Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (prisoners have right to nutritionally adequate food; affirming summary judgment for officials where prisoner presented no evidence that food was nutritionally inadequate or presented immediate danger to his health). On remand, Obama should be given the opportunity to present evidence of weight loss or other health consequences. See Divers v. Dep't of Corr., 921 F.2d 191, 193-94 (8th Cir. 1990) (per curiam) (finding not frivolous inmate's allegation that his food was insufficient in amount, cold, unappetizing, prepared from restricted menu, and delivered through unsanitary food slots; reversing preservice dismissal to allow inmate chance to show diet was insufficient to maintain health).

Accordingly, we affirm in part, reverse in part, and remand for further proceedings on Obama's claims that the constantly lit environment and inadequate food portions violated his constitutional rights.

_____