994 F.2d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Will CLARK, Appellant,
v.
Bill ARMONTROUT; Dick D. Moore; Gerald Bommell, Appellees.
 No. 93-1001.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 24, 1993.
Filed: May 27, 1993.
 
 Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Will Clark, a Missouri inmate at the Jefferson City Correctional Center, appeals the district court's[1] grant of summary judgment dismissing his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Beginning in late 1988, the Missouri Department of Corrections (MDC) adopted an Adult Internal Management System (AIMS) to classify inmates and determine their housing assignments. The stated purpose of AIMS is to reduce inmate violence, victimization, and other misconduct. In June 1991, Clark commenced this action, alleging that the implementation of AIMS resulted in his being reassigned from housing unit four, the Honor Hall, "to the worst halls where violent inmates are kept," with the result that personal items have been stolen from his cell and he has twice been injured due to unwanted sexual advances by other inmates. Clark alleged that he was denied equal protection because AIMS classifications have been made in a racially discriminatory manner; that he was denied due process because JCCC staff members did not follow AIMS guidelines and were unqualified to implement the system; that he was unconstitutionally exposed to a pervasive risk of harm; and that defendants were responsible for the loss of his property. The district court granted summary judgment, and Clark appeals.
 
 
 3
 The district court correctly dismissed Clark's equal protection claim because he failed to come forward with evidence that the racially neutral AIMS system was implemented with an impermissible discriminatory purpose or that those who classified him were racially motivated. See McCleskey v. Kemp, 481 U.S. 279 (1987). Clark's due process claims fail because he has no constitutional right to a particular prison classification or housing assignment, and he did not show a liberty interest created by state law. See Nash v. Black, 781 F.2d 665, 668 (8th Cir. 1986). His failure-to-protect claim fails because he did not present any evidence that he apprised prison officials of his need for protection. See Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991). Finally, his stolen property claim fails because the due process clause does not protect against negligent loss of property. See Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 4
 The judgment of the district court is affirmed.
 
 
 5
 A true copy.
 
 Attest:
 
 6
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The HONORABLE SCOTT O. WRIGHT, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the HONORABLE WILLIAM A. KNOX, United States Magistrate Judge for the Western District of Missouri