7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Richard Leslie SCHRIER, Appellant,
v.
Dick MOORE; Paul Grossheim, Director of Iowa DOC; Charles
Lee, Assistant Deputy Director of Iowa DOC;
Harold Farrier, Iowa DOC, Appellees.
 No. 93-1656.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1993.
Filed: October 28, 1993.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard L. Schrier appeals from the final order entered in the District Court[1] for the Western District of Missouri, granting defendant prison officials summary judgment in Schrier's 42 U.S.C. § 1983 action. Schrier v. Moore, No. 91-4169-CV-C-5 (W.D. Mo. Feb. 5, 1993) (order). For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 In July 1980, Schrier was transferred from the Iowa Men's Reformatory, a medium security facility, to Missouri's Jefferson City Correctional Center (JCCC), a maximum security facility, pursuant to the Iowa Interstate Corrections Compact, Iowa Code Ann. § 913.2 (West Supp. 1993). In his § 1983 complaint, filed in April 1991, Schrier alleged that he was denied a hearing to challenge his security classification in Missouri, a right he would have had in Iowa. Schrier claimed that by refusing to afford him a classification hearing or to reconsider his classification as a maximum-security prisoner, Missouri prison officials (Missouri defendants) denied him due process and equal protection. Schrier alleged that he complained to Iowa prison officials (Iowa defendants), who refused to reclassify him or to reverse the Missouri defendants' classification decision. Thus, Schrier claimed the Iowa defendants also denied him due process and equal protection. Schrier sought only injunctive and declaratory relief, and trial by jury.[2]
 
 
 3
 Schrier moved for summary judgment, arguing there was no factual dispute that, under the Interstate Corrections Compact between Missouri and Iowa, he had a right to a hearing before (or, alternatively, after) he was reclassified to a higher security level upon his transfer to Missouri.
 
 
 4
 The Missouri defendants moved for summary judgment, arguing that Schrier had no constitutional or state-created liberty interest in his security classification, that Iowa's and Missouri's Interstate Corrections Compact did not confer such a liberty interest, and that Schrier did not establish grounds for equitable relief. The Iowa defendants joined in the Missouri defendants' summary judgment motion.
 
 
 5
 The magistrate judge[3] recommended denying Schrier's summary judgment motion and granting defendants' motion. The magistrate judge concluded that Iowa law did not create a liberty interest in classification, Schrier had no constitutional right to remain in a particular security classification, and he thus was not entitled to due process protections before or after reclassification.
 
 
 6
 In his objections to the magistrate judge's report, Schrier argued that the magistrate judge failed to consider whether Missouri policies and regulations gave him a liberty interest in his custody classification, and the magistrate judge erred in resolving a factual dispute by believing defendants' assertion that he had no liberty interest rather than his assertion that he did. The district court, adopting the magistrate judge's recommendation, granted summary judgment to the Missouri and Iowa defendants.
 
 
 7
 On appeal, Schrier argues that correspondence between Missouri and Iowa officials regarding Schrier's transfer, which explained Iowa's criteria for medium security custody (ten years in his current sentence and good institutional behavior), created a justifiable expectation that he would be transferred to a medium security facility and that Missouri's "Inmate Custody Classification Criteria" and the "User's Manual" contained sufficient mandatory language to create a protected liberty interest.
 
 
 8
 We conclude that the district court's grant of summary judgment was proper because there is no genuine issue as to any material fact and, as a matter of law, Schrier has not been denied a liberty interest without due process.
 
 
 9
 Schrier does not have a protected liberty interest in his security classification, see Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976), unless state statutes or regulations create such an interest. See Olim v. Wakinekona, 461 U.S. 238, 248-50 (1983). There are two standards for determining "whether a protected liberty is created: 1) does a statute, regulation, or official policy pronouncement contain particularized substantive standards or criteria that significantly guide the decisionmakers; and 2) does the statute, regulation, or official policy pronouncement use mandatory language requiring the decisionmakers to act in a certain way." Nash v. Black, 781 F.2d 665, 668 (8th Cir. 1986).
 
 
 10
 We note that Iowa law does not create a liberty interest in classification. See Knapp v. Nix, 577 F. Supp. 565, 567-68 (S.D. Iowa 1983), aff'd, 754 F.2d 377 (8th Cir. 1984) (Table). In addition, Schrier's argument that the Iowa-Missouri correspondence and Missouri's "Inmate Custody Classification Criteria" and the "User's Manual" create a liberty interest is without merit. First, the correspondence, even if it constituted an official policy pronouncement, does not contain the mandatory language required. Schrier does not point out any provision in the "Inmate Custody Classification Criteria" or in the "User's Manual" containing language sufficient to mandate adherence to the specified criteria. Thus, Schrier has not identified any state-created liberty interest in his security classification.
 
 
 11
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 In addition, Schrier claimed that the Missouri defendants denied him due process and equal protection by refusing to allow him to participate in work release or furloughs, and by failing to issue work reports to Iowa officials, thereby causing him to be denied Iowa good-time credits. Because Schrier has not appealed the district court's denial of these claims, we will not discuss them further
 
 
 [3]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri